Filed 9/24/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

THE PEOPLE,

  Plaintiff and Respondent,

v.

JENNIFER ROSE SELLNER,

  Defendant and Appellant.

2d Crim. No. B261487
(Super. Ct. No. 2011005319)
(Ventura County)

Jennifer Rose Sellner appeals an order resentencing her to two years felony jail for receiving stolen property. (Pen. Code, § 496.)[1] In 2014, appellant was sentenced to eight months, one-third the two year midterm, in case number 2011005319, to be served consecutive to a three year principal term sentence in case number 2014007685. (§ 1170.1, subd. (a).) The trial court denied Proposition 47 relief in case number 2011005319 but granted a Proposition 47 petition in case number 2014007605 and reduced the conviction on the principal term to a misdemeanor (§ 1170.18). Appellant was "resentenced" to two years felony jail in case number 2011005319 awarded credit for time served (i.e. 737 days), and was released from custody. Appellant contends that the trial court could not lawfully "resentence" her to two years in case number 2011005319. According to appellant, she should have been sentenced to eight months county jail. We disagree and affirm.

*Claimed Mootness*

---

[1] All statutory references are to the Penal Code.

The Attorney General contends that the appeal is moot and should be dismissed because the sentence has been deemed served. (See e.g., *People v. Valencia* (2014) 226 Cal.App.4th 326, 329.) We deny the motion to dismiss because the new sentence affects the custody credits that can be applied to outstanding fines or fees. (§ 2900.5, subd. (a) [$30 per day or more, in the discretion of the court imposing sentence]; see *People v. Robinson* (2012) 209 Cal.App.4th 401, 406-407.) When appellant was resentenced to two years felony jail, she was ordered to pay all fines and fees previously imposed.

*Jurisdiction To Resentence*

Appellant's argument that the trial court lacked jurisdiction to resentence is without merit. Section 1170.1, subdivision (a) creates an exception to the general rule that jurisdiction ceases when execution of sentence begins. "[W]hen a defendant is sentenced consecutively for multiple convictions, whether in the same proceeding or in different proceedings, the judgment or aggregate determinate term is to be viewed as interlocking pieces consisting of a principal term and one or more subordinate terms. (§ 1170.1, subd. (a).) Section 1170.1, with certain exceptions, also places certain restrictions on the sentencing judge's discretion such as limiting the term of imprisonment for a subordinate term to no more than one-third the middle term of imprisonment for such conviction . . . . " (*People v. Begnaud* (1991) 235 Cal.App.3d 1548, 1552.)

Here the eight month sentence was a subordinate consecutive term to the three-year sentence in case number 2011005319. Based on the Proposition 47 modification of the principal sentence, the trial court not only was vested with jurisdiction to resentence in case number 2014007685, it was required to do so. (*People v. Begnaud, supra,* at p. 1552; *People v. Bustamante* (1981) 30 Cal.3d 88, 104, fn. 12.) Appellant was not strictly "resentenced" but, instead, ordered to serve the sentence originally imposed, two years county jail.

Appellant claims that the increased sentence presents a jeopardy issue because appellant has been subjected to a sentence greater than originally imposed. Were one to put horse blinders on and view only the sentence in case number 2011005319,

2

appellant would be correct.  We must, however, look at the big picture.  The initial aggregate sentence was three years and eight months.  Two years is less than that and thus, appellant received a lesser sentence.  When the principal term is no longer in existence, the subordinate term must be recomputed.  That is the case here.  As long as the recomputed term is less than the prior aggregate term, the defendant has not been punished more severely for the successful filing of a Proposition 47 petition.

Section 1170.18, subdivision (e) provides:  "Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence."  It does not trump section 1170.1, subdivision (a) or govern aggregate consecutive sentences which are treated as interlocking pieces.  (*People v. Begnaud. supra,* 235 C**a**l.App.3d at p.1552,)

The judgment is affirmed.

CERTIFIED FOR PUBLICATION


YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

3

Gilbert Romero, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender and Michael C. McMahon, Chief Deputy, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Harris, Supervising Deputy Attorney General, Robert C. Schneider, Deputy Attorney General, for Plaintiff and Respondent.