Filed 3/3/16  P. v. Barajas CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUIS ANTHONY BARAJAS,<br><br>    Defendant and Appellant. | 2d Crim. No. B261356<br>(Super. Ct. No. 2012032479)<br>(Ventura County) |

Luis Anthony Barajas appeals the order resentencing him to four years in county jail following his guilty plea to grand theft (Pen. Code,[1] § 487, subd. (a)) and his admission that he committed the crime while out on bail or on his own recognizance on prior charges of petty theft with prior convictions (§ 666) and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), as provided in section 12022.1, subdivision (b).

Appellant also pled guilty in the two prior cases and subsequently pled guilty in a fourth case to another violation of Health and Safety Code section 11377. Imposition of sentence in all four cases was suspended and appellant was granted probation.  Following numerous violations of probation, appellant agreed to a four-year

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

county jail term in lieu of further probation. In sentencing appellant to that term, the court imposed the midterm of two years for the grand theft in the instant case plus consecutive eight-month terms in each of the three other cases. The on-bail allegations in the instant case were stricken.

After Proposition 47 went into effect, appellant moved for resentencing in all four cases under section 1170.18, subdivision (a). The court denied the motion as to the instant case, but granted it as to the other three. The court proceeded to resentence appellant to another four-year term by imposing the midterm of two years in the instant case plus a two-year enhancement for one of the on-bail allegations that were previously stricken. The minute order states that "[t]his entry is made to correct the disposition on 12022.1(b) PC; as to count 1." The remaining on-bail allegation was once again stricken. In the three other cases, the court resentenced appellant to misdemeanors and imposed three 180-day terms to be served concurrently to the four-year term in the instant case.

Appellant did not object to his sentencing below. On appeal, he contends the court lacked jurisdiction to resentence him in the instant case because his felony conviction of grand theft is not subject to resentencing under Proposition 47. He claims that the resentencing also violates subdivision (e) of section 1170.18, which states that "[u]nder no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence."

The People do not dispute appellant's assertion that his resentencing in the instant case is unaffected by the Proposition 47 resentencing in the other three cases. The People contend, however, that the court nevertheless had jurisdiction to resentence appellant in the instant case pursuant to section 1170, subdivision (d)(1). We agree. That statute provides in pertinent part that "when a defendant . . . has been sentenced to be imprisoned in . . . county jail . . . and has been committed to the custody of the secretary or the county correctional administrator, the court may, within 120 days of the date of commitment on its own motion, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial

2

sentence."  (*Id.*, subd. (d)(1).)  "[S]ection 1170(d) permits the sentencing court to recall a sentence for any reason which could influence sentencing generally, even if the reason arose after the original commitment."  (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 463.)

Appellant was originally sentenced on August 19, 2014.  The resentencing took place 111 days later on December 8, 2014.  Moreover, the minute order reflects that the court resentenced appellant "to correct the disposition."  Because the court resentenced appellant within 120 of his original sentence and did so in order "to correct the disposition," it acted within its jurisdiction under subdivision (d)(1) of section 1170.

We also reject appellant's claim that the court erroneously resentenced him to a term longer than his original sentence in violation of subdivision (e) of section 1170.18.  Appellant was originally sentenced an aggregate term of four years and he was resentenced to an aggregate term of four years.  Because the aggregate term is no longer than the original term, it is proper.  (See *People v. Sellner* (2015) 240 Cal.App.4th 699, 702 [subdivision (e) of section 1170.18 "does not trump section 1170.1, subdivision (a) or govern aggregate consecutive sentences which are treated as interlocking pieces"].)

After the parties filed their briefs, we asked them to submit supplemental briefs addressing whether the court erred by imposing an on-bail enhancement (§ 12011.1, subd. (b)) for a felony conviction that had been reduced to a misdemeanor under Proposition 47.  Our request was prompted by a case that is is no longer good law since the Supreme Court granted review on its own motion.  (*People v. Buycks* (S231765, review granted Jan. 20, 2016.)  In any event, the case is inapposite because it involved a Proposition 47 resentencing on the principal term.  Here, it is undisputed that appellant was *not* entitled to Proposition 47 resentencing on the principal term in the instant case. He was, however, subject to resentencing under subdivision (d)(1) of section 1170, and the court had the authority to impose any sentence it could have originally imposed. (*People v. Johnson* (2004) 32 Cal.4th 260, 265.)  Because the on-bail enhancement could have been imposed when appellant was originally sentenced, and his resentencing is not subject to Proposition 47, the enhancement was properly imposed notwithstanding that the conviction upon which it was based was subsequently reduced to a misdemeanor.

3

(See, e.g., *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1110 [section 1170.18, subdivision (k)'s requirement that a conviction reclassified as a misdemeanor "shall be considered a misdemeanor for all purposes" does not apply retroactively].)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

David M. Hirsch, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.