Filed 5/2/16  P. v. Thamracksa CA41
(Second modification)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>MINA THAMRACKSA,<br>        Defendant and Appellant. | D068142<br><br>(Super. Ct. Nos. SCD240759,<br> SCD242508, SCD248074.)<br><br>ORDER MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

The above-referenced opinion filed on April 4, 2016, is modified as follows:

In the first sentence of the second paragraph on page two, "No. SCD240759" is changed to "Nos. SCD240759 and SCD242508" so that the sentence now reads:

"Thamracksa petitioned to recall her sentence under Penal Code section 1170.18, subdivision (b), requesting that she be resentenced to a misdemeanor in case Nos. SCD240759 and SCD242508."

There is no change in the judgment.

NARES, Acting P. J.

Copies to:  All parties

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MINA THAMRACKSA,<br><br>    Defendant and Appellant. | D068142<br><br>(Super. Ct. Nos. SCD240759,<br>  SCD242508, SCD248074.)<br><br>ORDER DENYING REHEARING<br>AND<br>MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

The petition for rehearing is denied.

The above-referenced opinion filed on April 4, 2016, is modified as follows:

1.  The opinion heading is modified to add the following case number: SCD248074.

2.  In the first sentence of the first paragraph on page two, "SCD240759" is replaced with "SCD240508."  In the second sentence of that same paragraph "SCD248704" is replaced with "SCD248074" so that the paragraph now reads:

> "Mina Thamracksa pleaded guilty to possession of narcotics (Health & Saf. Code, § 11377, subd. (a)) in case No. SCD240508.  The court

sentenced her in this case and two pending cases to a total of six years four months in jail as follows: it selected a receiving stolen property conviction (Pen. Code, § 496, subd. (a)) in case No. SCD240759 as the principal term and sentenced her to the upper term of three years; it imposed consecutive terms of eight months for unauthorized use of personal identifying information of another (Pen. Code, § 530.5, subd. (a)) and two years for felony committed while out on bail (Pen. Code, § 12022.1, subd. (b)) in case No. SCD248074; and it imposed eight months for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) in case No. SCD242508."

3. In the first sentence of the second paragraph on page two, "No. SCD240759" is changed to "Nos. SCD240759 and SCD248074" so that the sentence now reads:

"Thamracksa petitioned to recall her sentence under Penal Code section 1170.18, subdivision (b), requesting that she be resentenced to a misdemeanor in case Nos. SCD240759 and SCD248074."

There is no change in the judgment.

NARES, Acting P. J.

2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068142 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. SCD240759, SCD242508) |
| MINA THAMRACKSA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Laura H. Halgren, Judge.  Affirmed.

Sheila Ann Quinlan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Julie L. Garland, Assistant Attorneys General, Arlene A. Sevidal and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

Mina Thamracksa appeals an order resentencing her under Penal Code section 1170.18, subdivision (b) (Proposition 47).  We affirm the judgment.

BACKGROUND

Mina Thamracksa pleaded guilty to possession of narcotics (Health & Saf. Code, § 11377, subd. (a)) in case No. SCD240759. The court sentenced her in this case and two pending cases to a total of six years four months in jail as follows: it selected a receiving stolen property conviction (Pen. Code, § 496, subd. (a)) in case No. SCD240759 as the principal term and sentenced her to the upper term of three years; it imposed consecutive terms of eight months for unauthorized use of personal identifying information of another (Pen. Code, § 530.5, subd. (a)) and two years for felony committed while out on bail (Pen. Code, § 12022.1, subd. (b)) in case No. SCD248704; and it imposed eight months for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) in case No. SCD242508.

Thamracksa petitioned to recall her sentence under Penal Code section 1170.18, subdivision (b), requesting that she be resentenced to a misdemeanor in case No. SCD240759. The court, noting Thamracksa's long criminal history, reduced her sentence to a total of five years in jail by imposing the upper term of three years in case No. SCD248074 (Pen. Code, § 530.5, subd. (a)), and reducing the Penal Code section 496, subdivision (a) conviction in case No. SCD240759 and Health and Safety Code section 11377, subdivision (a) conviction in case No. SCD242508 to misdemeanors, imposing consecutive 364-day jail terms on each count.

Thereafter, Thamracksa again moved to recall her sentence, arguing that under Penal Code section 1170.18, subdivision (e), the court erred in resentencing her because the original sentence imposed in case No. SCD242508 (Health & Saf. Code,

2

§ 11377) was eight months, but after resentencing it had increased to 364 days. The court denied the motion, reasoning that the new sentence met Proposition 47's objective because Thamracksa's aggregate sentence was decreased.

On appeal, Thamracksa contends that under Penal Code section 1170.18, subdivision (e) and principles of double jeopardy, the court was barred from increasing the term of her reduced misdemeanor count in excess of the term originally imposed on that count as a felony. She argues that the statute bars higher sentences on individual counts rather than on the aggregate sentence.

DISCUSSION

Penal Code section 1170.18, subdivision (e) provides: "Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence." "[W]hen a defendant is sentenced consecutively for multiple convictions, whether in the same proceeding or in different proceedings, the judgment or aggregate determinate term is to be viewed as interlocking pieces consisting of a principal term and one or more subordinate terms. ([Pen. Code], § 1170.1, subd. (a).) [Penal Code s]ection 1170.1, with certain exceptions, also places certain restrictions on the sentencing judge's discretion such as limiting the term of imprisonment for a subordinate term to no more than one-third the middle term of imprisonment for such conviction." (*People v. Begnaud* (1991) 235 Cal.App.3d 1548, 1552.)

The same issues presented here were raised in *People v. Sellner* (2015) 240 Cal.App.4th 699, a case with which we agree. That court concluded: "Appellant claims that the increased sentence presents a jeopardy issue because appellant has been subjected

3

to a sentence greater than originally imposed.  Were one to put horse blinders on and view only the sentence in [one case], appellant would be correct.  We must, however, look at the big picture."  (*Sellner,* at p. 702.)

Thamracksa's initial aggregate sentence was six years four months.  But her petition to recall succeeded and her sentence was reduced to five years.  Therefore, consistent with Proposition 47, she received a lesser sentence.  "When the principal term is no longer in existence, the subordinate term must be recomputed.  That is the case here.  As long as the recomputed term is less than the prior aggregate term, the defendant has not been punished more severely for the successful filing of a Proposition 47 petition."  (*People v. Sellner, supra,* 240 Cal.App.4th at p. 702.)  Penal Code section 1170.18, subdivision (e) "does not trump [Penal Code] section 1170.1, subdivision (a) or govern aggregate consecutive sentences which are treated as interlocking pieces."  (*Ibid*.)

DISPOSITION

The judgment is affirmed.


O'ROURKE, J.

WE CONCUR:


NARES, Acting P. J.


McINTYRE, J.