Filed 8/22/16  P. v. Luisotti CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C078373 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-099787) |
| v. | |
| VICTOR LUISOTTI, JR., | |
| Defendant and Appellant. | |

In this case, we address the relationship between the resentencing provisions of Penal Code section 1170.18[1] and the consecutive sentencing provision of the "Three Strikes" law.  Here, after granting defendant Victor Luisotti, Jr.'s section 1170.18 petition seeking reclassification of certain felony convictions as misdemeanors, the trial court

---

[1]    Undesignated statutory references are to the Penal Code.

1

imposed the same total term as previously imposed by modifying one count to run consecutively rather than concurrently imposing sentence.

Defendant contends the trial court's action violated the California Constitution's prohibition against double jeopardy, exceeded the court's jurisdiction on resentencing, and contravened section 1170.18's prohibition against imposing a greater term on resentencing. The Attorney General argues that we do not have to reach defendant's contentions because the original concurrent term had been imposed in contravention of the mandatory consecutive sentence provision in the Three Strikes law. Agreeing with the Attorney General, we affirm the trial court's orders.

## BACKGROUND

In July 2009, defendant took his elderly mother's access card and used it without her permission at several Roseville businesses. Defendant was charged with five counts of second degree burglary (§ 459), single counts of grand theft (§ 484g), and identity theft from an elder or dependent adult (§ 368, subd. (e)) along with a strike and two prior prison term allegations (§§ 1170.12, subds. (a)-(e), 667, subds. (b)-(i), 667.5, subd. (b)) in case No. 62-094790.

During a probation search around April 4, 2010, defendant kicked out the window of a police car. He was charged with vandalism exceeding $400 (§ 594, subd. (b)(1)) and receiving stolen property (§ 496, subd. (a)), along with an on-bail allegation (§ 12022.1) and a strike allegation in case No. 62-097872.

Around May 25, 2010, defendant failed to appear on felony charges in the trial court after being released on his own recognizance. He was charged with felony failure to appear (§ 1320, subd. (b)) along with a strike and two prior prison term allegations in case No. 62-099787.

On September 15, 2010, all cases were resolved simultaneously in a packaged plea bargain, along with case No. 62-100772A,[2] including a stipulated term of eight years four months. In case No. 62-094790, defendant pleaded no contest to single counts of second degree burglary, grand theft, and misdemeanor identity theft of an elder, and admitted a strike as to the burglary count and a prior prison term. In case No. 62-097872, defendant pleaded no contest to felony vandalism and admitted the strike and on-bail allegations. In case No. 62-99787, defendant pleaded no contest to the failure to appear charge. In case No. 62-100772A,[3] defendant pleaded no contest to second degree burglary, passing checks with insufficient funds for payment (§ 476a), and felony possession of a controlled substance (Health & Saf. Code, § 11377), and admitted a strike conviction as to the drug possession count. Sentencing defendant on all four cases, the trial court imposed a stipulated term of eight years four months. This sentence consisted of two years eight months for the second degree burglary in count one and a consecutive year for the prison prior in case No. 62-094790, a consecutive one year four months for possession of a controlled substance in case No. 62-100772A, and, in case No. 62-097872, a consecutive one year four months for vandalism with two years consecutive for the on-bail enhancement. Terms for the remaining crimes were imposed concurrently.

Defendant subsequently filed a petition for resentencing pursuant to section 1170.18. The trial court designated the second degree burglary conviction in count one of case No. 62-094790 and all felony convictions in case No. 62-100772A as misdemeanors. At resentencing, the trial court imposed an eight-year four-month state prison term. It designated the grand theft in case No. 62-094790 as the principal term and

---

[2]    The record contains no mention of the facts of defendant's crimes in case No. 62-100772A.

[3]    This case was not part of defendant's appeal but is nonetheless summarized to provide context.

imposed a two-year eight-month term with a consecutive one year for the prison prior, a consecutive one year four months for failure to appear in case No. 62-099787, and a consecutive one year four months for vandalism with two consecutive years for the on bail enhancement in case No. 62-097872.

DISCUSSION

The passage of Proposition 47 created section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing" under the statutory framework as amended by the passage of Proposition 47. (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.) If a defendant has qualifying offenses, the trial court shall designate those offenses as misdemeanors and resentence defendant unless it determines that resentencing poses an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b).) "Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence." (§ 1170.18, subd. (e).)

Defendant contends that the trial court's decision to change the sentence on the failure to appear conviction from a concurrent to a consecutive term violated the double jeopardy prohibition in the California Constitution. (Cal. Const. art. I, § 15.) He additionally argues that the court's decision was erroneous because the four cases were not combined and the sentence contravened section 1170.18's prohibition against imposing a greater term on resentencing.

The Attorney General claims that the Three Strikes law mandated a consecutive term on the failure to appear offense. Under the Three Strikes law, when a qualifying strike has been plead and proven, consecutive sentencing is mandated for counts "not arising from the same set of operative facts." (§ 1170.12, subd. (a)(6); see § 667, subd.

4

(c)(6) ["If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e)"].)[4] Since the failure to appear charge necessarily arose from a different set of operative facts than any of the other convictions, the Attorney General concludes that the original concurrent term for this offense was unauthorized, and therefore correctable at any time.

The Supreme Court has addressed the consecutive sentencing provision of the Three Strikes law in the context of multiple counts in a single case. In *People v. Casper* (2004) 33 Cal.4th 38 (*Casper*), the Supreme Court held that where a defendant is convicted of multiple counts in a single case with a sustained strike allegation attaching to at least one count, the consecutive sentencing provision of the Three Strikes law applies to "all current felony convictions, regardless of whether a strike allegation attaches to them, if the crimes did not arise on the same occasion or under the same set of operative facts." (*Id.* at p. 43.) Neither the Supreme Court nor any other appellate court has determined the consecutive sentencing provision's application, where, like here, a defendant is sentenced on multiple cases, all were resolved simultaneously in a packaged plea bargain, along with case No. 62-100772A, including a stipulated term of eight years four months. Some sustained strikes were involved.

While the sentence imposed here covered multiple cases, it nonetheless possesses significant similarities with what confronted the Supreme Court in *Casper*. In the case before us, defendant and the People entered into a single plea agreement covering the four cases. While defendant executed separate change of plea forms for each case, he entered the pleas on the same day at a single hearing and a single stipulated term covered the combined sentence in all four cases. Contrary to defendant's contentions, the cases

---

**4** Given the similarity of the two provisions, future statutory references to this and other parts of the Three Strikes law will be to section 1170.12.

were not separate entities for the purpose of determining his state prison sentence. " '[W]hen a defendant is sentenced consecutively for multiple convictions, whether in the same proceeding or in different proceedings, the judgment or aggregate determinate term is to be viewed as interlocking pieces consisting of a principal term and one or more subordinate terms. (§ 1170.1, subd. (a).)' " (*People v. Sellner* (2015) 240 Cal.App.4th 699, 701; see also *id*. at pp. 701-702 [section 1170.1 governs section 1170.18 resentencing].) Also, in *Casper*, defendant was charged with a strike allegation as to all offenses alleged against him, admitted the strikes as to some counts, with the strike dismissed as to others.

Subdivision (a)(6) of section 1170.12 states: "If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to this section." This provision does not distinguish between convictions in different cases, instead applying whenever there is a strike and "a current conviction for more than one felony." The use of the term "count" does not support narrowing the scope to convictions in one case, as many defendants, like defendant here, are sentenced on multiple counts in different cases. Allowing the term to refer to each count that the defendant was currently convicted of and being sentenced on is the more natural reading of that term. Finally, the limitation on consecutive sentencing to counts "not arising from the same set of operative facts" is consistent with application to sentences covering more than one case. Crimes involving completely different facts will be prosecuted in different cases but may nonetheless all be resolved through a single plea, as was the case here. While a single case may have counts arising from more than one set of operative facts, a plea resolving more than one case is certain to do so.

Our analysis of the Three Strikes law and *Casper* both lead to the same conclusion, that the consecutive sentencing provision of the Three Strikes law applies where a defendant resolves multiple cases by plea. When a defendant is being sentenced

6

on more than one current case, and has admitted a strike as to at least one count, then the trial court must impose consecutive sentences on all counts not arising from the same set of operative facts.

Defendant's conviction for failure to appear necessarily arose from different operative facts than any of his other convictions. Therefore, the trial court had a mandatory duty to impose a consecutive term for that offense. Failure to do so resulted in an unauthorized term (see *People v. Scott* (1994) 9 Cal.4th 331, 354 [sentence unauthorized if could not be lawfully imposed under the circumstances of the case]), which may be corrected at any time (*People v. Picklesimer* (2010) 48 Cal.4th 330, 338). While the trial court did not rely on this reason for imposing the consecutive term, we review the legality of the trial court's actions, not the reasons given for those actions. (*People v. Zapien* (1993) 4 Cal.4th 929, 976.)

Since imposition of the consecutive term corrected an unauthorized sentence, it was not subject to the state double jeopardy provision. (*People v. Moreno* (2003) 108 Cal.App.4th 1, 11.) While an unauthorized sentence that is part of a stipulated sentence normally cannot be challenged on appeal (*People v. Hester* (2000) 22 Cal.4th 290, 295), the sentence imposed at resentencing did not violate the plea agreement, as defendant received the same sentence on resentencing as the stipulated term in his plea. Nor did section 1170.18's prohibition against the imposition of a greater term prevent correcting an unauthorized sentence. Just as section 1170.18, subdivision (e) does not trump section 1170.1 in the determination of aggregate sentences (*People v. Sellner, supra*, 240 Cal.App.4th at p. 702), it does not trump the consecutive sentencing provision of the Three Strikes law.

7

DISPOSITION

The judgment (order) is affirmed.


     NICHOLSON     , Acting P. J.


We concur:


     HULL     , J.


     BUTZ     , J.