Filed 8/26/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B265879 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA084257) |
| v. | |
| KEDRENE McDOWELL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Jared Moses, Judge.  Affirmed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Zee Rodriguez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Kedrene McDowell appeals from the judgment resentencing him to an overall prison term the same length as his previous, plea-bargained sentence after the trial court granted his motion to reduce two of his several convictions to misdemeanors pursuant to Proposition 47. We affirm because Proposition 47 permits imposing a new sentence that equals the previous sentence and because the trial court did not abuse its discretion by doing so here.

## FACTS AND PROCEDURAL HISTORY

In 2012 McDowell pled no contest to six felony burglary counts (Pen. Code, § 459) and admitted the truth of allegations that he committed the current offenses while out on bail for another crime (Pen. Code, § 12022.1) and had one prior conviction that qualified as a strike under the Three Strikes law.[1] As part of a plea bargain, the court sentenced him to a total of 10 years in state prison as follows: 16 months for each count, calculated as one-third the mid-term, doubled under the Three Strikes law (96 months), plus 2 years for the out-on-bail allegation. These were to run consecutively to the four-year sentence imposed in the out-on-bail case (LASC case No. YA081900). In exchange, three other counts were dismissed: two for burglary and one for petty theft with a prior conviction. (§ 666, subd. (b).)

In January 2015 McDowell filed a petition to resentence his burglary convictions as misdemeanor shoplifting counts (§ 459.5), pursuant to Proposition 47. (§ 1170.18, subds. (a) & (b).) The parties stipulated to reduce two of the burglary counts – numbers 5 and 7 – to misdemeanors. Meanwhile, the principal, four-year term imposed in the other case (LASC case No. YA081900) had already been reduced to a misdemeanor, with McDowell credited for time served. This required upon resentencing the selection of a new principal term.

At the hearing on the petition, McDowell's lawyer asked for a combined nine-year sentence, calculated as: (1) four years based on the mid-term on Count 1 for burglary, doubled under Three Strikes; (2) another four years based on one-third the mid-term on

---

[1]     All further section references are to the Penal Code.

three other burglary counts, doubled to 16 months under Three Strikes; and (3) 180 days each on the two burglary counts that were reduced to misdemeanors. The prosecutor argued for 10 years, based on the plea bargain that McDowell accepted and his lengthy criminal history, which included juvenile petitions for petty theft, robbery, grand theft, grand theft auto, and battery, and adult convictions for robbery, burglary, and unlawful use of an access card (§ 496).

The trial court initially wrestled with whether Proposition 47 required a sentence reduction once a petition was granted, or whether the terms of the plea bargain governed. The trial court decided that a 10-year sentence was warranted based on both the terms of the plea agreement and McDowell's substantial criminal history. McDowell contends the trial court erred because: (1) the terms of his plea bargain were subject to changes in the law such as Proposition 47, thereby requiring a reduction in the total sentence; and (2) the trial court abused its discretion by imposing the high term for the principal offense.

## DISCUSSION

1.  *Proposition 47 Authorizes Imposition of the Same Length Sentence*

Effective November 5, 2014, Proposition 47 reduced certain crimes to misdemeanors and created a mechanism whereby prisoners serving a felony sentence could petition the trial court to reconsider and recall those sentences and then impose a misdemeanor sentence instead. (§ 1170.18; *People v. Awad* (2015) 238 Cal.App.4th 215, 220.)

McDowell relies on *Doe v. Harris* (2013) 57 Cal.4th 64, for the proposition that changes to the law can apply retroactively to alter the terms of a plea agreement. At issue in *Doe* was whether changes in the sex offender registration laws that called for public disclosure of certain information about sex offenders applied to a defendant who pled guilty to a sex offense at a time when those disclosure requirements did not exist. The Supreme Court held that, "as a general rule, . . . requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement, nor does the failure of a plea agreement to reference the possibility the law

3

might change translate into an implied promise the defendant will be unaffected by a change in the statutory consequences attending his or her conviction." (*Id.* at pp. 73-74.)

Based on this, McDowell contends that Proposition 47 effected a change in the law that requires a concomitant reduction in sentence should the trial court grant a petition to resentence some counts as misdemeanors. We disagree.

If the trial court grants a section 1170.18 petition, it then has jurisdiction to resentence the defendant, and must do so under the generally-applicable sentencing procedures found in section 1170, et seq. (*People v. Sellner* (2015) 240 Cal.App.4th 699, 701 (*Sellner*).) Under these provisions, the judgment, or aggregate determinate term, is viewed as intertwined pieces consisting of a principal term and one or more subordinate terms. (*Ibid.*)

Upon remand for resentencing following a reversal, a trial court may, but need not, impose a combined term that equals the original sentence. The trial court must select the next most serious conviction to compute a new principal terms and may modify the other sentences as deemed appropriate. (*Sellner, supra,* 240 Cal.App.4th at pp. 701-702.) The *Sellner* court applied this rule to affirm a new sentence under section 1170.18 that increased the sentence on the count that became the new principal term. (*Ibid.*)

Likewise, in *People v. Garner* (2016) 244 Cal.App.4th 1113, the court affirmed an order resentencing the defendant under Proposition 36, the Three Strikes Reform Act of 2012, which allows persons given Strike sentences to seek new sentences for offenses that were no longer considered strikes. The *Garner* court held that recalling a sentence under Proposition 36 should be treated the same as a sentencing recall under section 1170, subdivision (d), permitting the trial court to reconsider all the charges against a defendant. (*Id.* at pp. 1117-1118.) We believe the *Sellner* and *Garner* rationales apply here.

Proposition 47 provides: "Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence." (§ 1170.18, subd. (e).) The clear import of this provision is that Proposition 47 permits a new sentence that is either equal to or less than the original term. (*People v. Roach* (2016)

4

247 Cal.App.4th 178, 184-187 [applying rationale of both *Sellner* and *Garner,* and holding that Proposition 47 authorizes resentencing under the generally applicable sentencing procedures, including the principle that the new sentence may not exceed, but may equal, the original sentence].)  We agree with this reasoning and therefore hold that the trial court was not automatically required to reduce the sentence to reflect the lesser sentences imposed for misdemeanors.

2.      *The Trial Court Did Not Abuse Its Sentencing Discretion*

McDowell contends that the trial court abused its discretion by relying on the term of the original plea agreement as a factor in imposing the high term on the new principal count.  Even if that were an improper factor – an issue we do not reach – the trial court may consider as an aggravating circumstance the number and increasing severity of a defendant's convictions.  (Cal. Rules of Court, rule 4.421(b)(2).)  McDowell does not dispute the nature of his criminal history and does not address this point.  The trial court said "I think he should receive the same sentence, particularly in light of his extremely serious history."

Although we can envision situations in which the reduction of multiple felony counts to misdemeanors would make maintenance of the original sentence inappropriate, this case is not one of them.  Because the record shows that the trial court relied on the seriousness of McDowell's criminal history and otherwise complied with section 1170.18 when it reassessed McDowell's sentence, the court's reference to the earlier plea bargain was of no significance.

### DISPOSITION

The sentencing judgment is affirmed.


                                                RUBIN, J.
WE CONCUR:




                    BIGELOW, P. J.                          GRIMES, J.

5