Filed 2/23/21  P. v. Easley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C082558 |
| Plaintiff and Respondent, | (Super. Ct. No. 06F10517 ) |
| v. | |
| JARED EASLEY, | |
| Defendant and Appellant. | |

Defendant Jared Easley appeals from the trial court's order denying his Penal Code section 1170.18[1] petition for relief.  He contends the trial court erred by failing to resentence him on two drug possession counts it had reduced to misdemeanors and by denying his petition for resentencing on his felony conviction for failure to appear while on bail, a violation of section 1320.5.

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

1

We conclude that defendant's first claim is not properly before this court and the crime of failure to appear is not subject to section 1170.18.

We affirm.

## PROCEDURAL BACKGROUND[2]

In January 2011, defendant pleaded no contest to two counts of felony possession of cocaine (Health & Saf. Code, § 11350, subd. (a)) and failure to appear while on bail (§ 1320.5) and admitted a strike allegation (§§ 667, subds. (b)-(i), 1170.12). One of the possession-of-cocaine charges formed the basis of the failure to appear while on bail charge. The trial court sentenced defendant to a stipulated term of six years eight months in state prison with 1334 days of presentence credit (890 actual & 444 local).

Without the aid of counsel, on March 25, 2015, defendant used the form provided by the Sacramento County Superior Court and petitioned to redesignate the two possession-of-cocaine felony convictions as misdemeanors. In the box designated for an optional e-mail address, defendant wrote, "I am time-served!" He also checked the box requesting to be terminated from postrelease community supervision (PRCS) and the box requesting appointment of counsel. The prosecution filed a reply on April 22, 2015, stating that defendant was still serving his sentence and therefore needed to be resentenced on the drug possession convictions, and also needed to be resentenced on the failure to appear conviction since he received a subordinate term on that count.

On April 24, 2015, the trial court redesignated the drug possession convictions as misdemeanors but did not resentence defendant or determine if resentencing him would pose an unreasonable threat to public safety.

With the assistance of counsel, on July 14, 2016, defendant filed a supplemental request pursuant to section 1170.18 to deem the failure to appear conviction as a

---

[2]  A summary of defendant's crimes is unnecessary to resolve this appeal.

misdemeanor conviction for failure to appear while on own recognizance (§ 1320, subd. (a)). The People filed an opposition, asserting his conviction for section 1320.5 did not qualify for relief under section 1170.18. The trial court denied the request on July 20, 2016. Defendant filed a notice of appeal as to that order on July 21, 2016.

## DISCUSSION

Defendant contends the trial court erred in failing to impose new misdemeanor sentences on the drug possession convictions after designating them as misdemeanors and in failing to reduce his failure to appear conviction to a misdemeanor. He claims that he is entitled to resentencing on the drug possession convictions because he was subject to postrelease community supervision (PRCS) and therefore still serving his sentence at the time of both petitions.[3] Even if he is not entitled to resentencing, defendant contends the failure to appear conviction must be vacated because the felony underlying this crime, one of the drug possession convictions, was reduced to a misdemeanor pursuant to section 1170.18.

---

[3] The passage of Proposition 47, the Safe Neighborhoods and Schools Act (the Act) created section 1170.18, which provides in pertinent part: "A person who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a).)

A person who has already completed his or her sentence may apply to have a crime covered by section 1170.18 reclassified as a misdemeanor, but the statute does not entitle that person to resentencing on the offense. (§ 1170.18, subd. (f).)

3

**I. Resentencing on Drug Possession Convictions Reclassified as Misdemeanors**

The trial court reduced the drug possession convictions to misdemeanors but did not resentence defendant when it ruled on his first petition on April 24, 2015. In his opening brief, defendant argues that the trial court should have resentenced him on those convictions at that time. Defendant did not file a notice of appeal from that ruling, and the notice of appeal from the ruling on defendant's second petition concerning the failure to appear conviction was filed on July 21, 2016. We ordered supplemental briefing on whether we are prevented from considering the claim concerning resentencing as to the reduced drug convictions in this appeal.

Defendant argues in his supplemental brief that the July 21, 2016, notice of appeal is timely and that "[t]rial and appellate counsel, in their respective briefing, necessarily refer to the April 2015 proceeding in order to illustrate the origin of the judicial errors which resulted in the unauthorized sentence." He claims the proceeding on the 2015 petition "forms the backdrop for the Sacramento County Public Defender's 2016 supplemental request to deem the failure to appear a misdemeanor as it is an unauthorized sentence." Finally, he argues that his sentence on all three offenses is unauthorized because the trial court should have reduced his failure to appear conviction to a misdemeanor.

A notice of appeal "must be filed within 60 days after the rendition of the judgment or the making of the order being appealed." (Cal. Rules of Court, rule 8.308(a).) "[T]he filing of a timely notice of appeal is a jurisdictional prerequisite." (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113.) "Unless the notice is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal." (*In re Jordan* (1992) 4 Cal.4th 116, 121.)

Although defendant's first petition may have asked the trial court to resentence him, the trial court did not and defendant did not appeal within 60 days of the trial court's

4

ruling on the petition, foreclosing consideration of whether the trial court erred in failing to resentence him in April 2015.  It is true that defendant referred to this ruling in his July 2016 petition, but only to establish that the drug offenses were reduced to misdemeanors in the earlier ruling, and thereby supply a reason to reduce the failure to appear conviction to a misdemeanor.  The supplemental petition did not claim the initial failure to resentence him was in error.  Defendant asked for resentencing in the supplemental petition, but only for resentencing on all three offenses, in anticipation of the court granting the supplemental petition.[4]  If he is entitled to resentencing, it is only in accordance with that request.

When resentencing a defendant in a section 1170.18 proceeding, a trial court's jurisdiction extends to all components of the sentence, not merely those counts reduced to misdemeanors pursuant to the petition.  (*People v. Sellner* (2015) 240 Cal.App.4th 699, 701-702.)  Assuming that his PRCS status entitled him to section 1170.18, subdivision (a) resentencing rather than reclassification under subdivision (f),[5] defendant is entitled to resentencing on the drug possession offenses only if the trial court erred in failing to

---

[4]  The memorandum filed by the public defender on behalf of defendant notes the April 2015 ruling designating the drug possession convictions as misdemeanors, and that defendant asked the Office of the Public Defender to request that the failure to appear conviction be "reduced to a misdemeanor and he be resentenced."  The request recounted the sentences for the three crimes and then stated, "[a]ccordingly, Petitioner requests that he be resentenced to 364 days each as to Counts I and II and that Count III be re-designated as a misdemeanor charge of Penal Code section 1320[,subdivision] (a) and he be resentenced to 6 months."

[5]  We asked for supplemental briefing concerning defendant's PRCS status and potential mootness.  Defendant informed us he was to be released from PRCS on May 21, 2017, while this appeal was pending.  Defendant argues, and the Attorney General concedes, that this does not moot his claims for resentencing because defendant would have been eligible to apply custody credit on the drug convictions to his fines.  We accept the concession as to mootness, but this does not help defendant.

strike his failure to appear conviction.  We shall therefore address the merits of defendant's claim as to that conviction.

## II.  Failure to Appear Conviction

Section 1320.5 states in pertinent part:  "Every person who is *charged with* or convicted of the commission of *a felony*, who is released from custody on bail, and who in order to evade the process of the court willfully fails to appear as required, is guilty of a felony." (Italics added.)  Subdivision (k) of 1170.18 provides that any crime reduced to a misdemeanor pursuant to section 1170.18 "shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6." (§ 1170.18, subd. (k).)

Defendant claims the trial court was required to evaluate the circumstances as they existed at that time when it ruled on his supplemental petition.  Citing the "misdemeanor for all purposes" language of subdivision (k), he contends the section 1320.5 conviction cannot stand because the felonies for which he was out on bail, the drug possession convictions, are now misdemeanors pursuant to section 1170.18, an interpretation he asserts is consistent with the purposes of section 1320.5 and Proposition 47.

Section 1320.5 merely requires that a defendant be charged with a felony at the time he fails to appear; it does not require that the charge result in a felony conviction or even result in any conviction at all.  Our high court has since made clear that even though a felony conviction becomes a misdemeanor for all purposes pursuant to Proposition 47, that does not alter the fact that defendant had been charged with a felony at the time he failed to appear.  Accordingly, defendant's section 1320 conviction does not qualify for resentencing under Proposition 47.  (*People v. Buycks* (2018) 5 Cal.5th 857, 892.)

6

## DISPOSITION

The judgment order is affirmed.

/s/
_____
MURRAY, Acting P. J.

We concur:

/s/
_____
DUARTE, J.

/s/
_____
HOCH, J.