Filed 3/9/21  P. v. Rojas CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C090885 |
| Plaintiff and Respondent, | (Super. Ct. No. CH036792) |
| v. | |
| ARMANDO FRANCO ROJAS, | |
| Defendant and Appellant. | |

Defendant Armando Franco Rojas pleaded guilty to battery by a prisoner on a non-confined person.  The trial court sentenced him on this new offense in conjunction with an earlier in-prison offense; the sentence included restitution fines for both offenses. On appeal, defendant argues the court prejudicially erred in failing to obtain a probation report or a waiver thereof prior to sentencing.  For reasons we explain, we remand for resentencing.

1

BACKGROUND

Defendant was charged in Lassen County with two counts of battery by a prisoner on a non-confined person.  (Pen. Code, § 4501.5.)[1]  It was further alleged he had suffered a prior strike.  (§ 667, subds. (b)-(i).)  After waiving his right to a preliminary hearing, defendant pleaded guilty to one of the battery counts, agreeing to a four-year term in return for dismissal of the remaining allegations.

The trial court accepted the plea and immediately proceeded to sentencing at the agreement of the parties, though there was no discussion or waiver of defendant's right to a presentence probation report.  The court initially imposed a four-year sentence on the new offense and a $300 restitution fine (§ 1202.4, subd. (b)).  Defendant's counsel objected to the imposition of fines and fees and requested an ability to pay hearing.  The prosecutor then noted the four-year term was improper because defendant had suffered a 2000 conviction for drug possession in prison (§ 4573.6) in Los Angeles County.[2]  The parties and court agreed the custody component of the sentence in the current case should instead be a subordinate one-third the midterm sentence of one year.

The trial court then resentenced defendant to a principal term of three years for the prior drug possession conviction in Los Angeles County, doubled to six years for a prior strike, and one consecutive year for the Lassen County battery count, for a total term of

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  When a defendant commits multiple in-prison offenses, "the principal and subordinate terms shall be calculated as provided in [§ 1170.1,] subdivision (a).  This subdivision shall be applicable in cases of convictions of more than one offense in the same or different proceedings."  (§ 1170.1, subd. (c).)  Thus, "a single term, consisting of a principal and a subordinate term, should be calculated for both in-prison offenses." (*People v. McCart* (1982) 32 Cal.3d 338, 340.)  This "creates an exception to the general rule that jurisdiction ceases when execution of sentence begins." (*People v. Sellner* (2015) 240 Cal.App.4th 699, 701.)

2

seven years, to run consecutive to any commitment defendant was currently serving in prison.

A $1,200 restitution fine had originally been imposed in the Los Angeles County case; the trial court stated it was not its "intention to make this anew, it's only to restate what was previously issued in the Los Angeles County case . . . . So that $1,200 will remain as restitution." Defense counsel objected to this fine because it would violate equal protection and due process without an ability to pay determination and "I would have to submit at this time that the Court would have to make that finding [of an ability to pay] if it wants to reimpose." The court responded only: "Thank you. All right, once again, so all issues out of Los Angeles County Case MA20932 remain."[3]

The trial court then imposed a $300 restitution fine on the Lassen County case and stated it would hold an ability to pay hearing on this fine. At defense counsel's request, the court took judicial notice that defendant could not afford counsel. The court, on its own motion, then took judicial notice that "there are jobs offered on the inside and they do pay." Counsel objected to this as improper judicial notice, also noting that it was possible defendant could earn as little as $.04 a day in prison, even if working. The court opined that this information did not satisfy defendant's burden because he was not eligible for parole until 2043 and could earn wages in prison during that time. Defendant timely appealed.

## DISCUSSION

Defendant makes two related arguments on appeal: (1) the trial court was required to sentence defendant on both in-prison cases and had jurisdiction to address both

---

[3] We note the $1,200 restitution does not appear in defendant's abstract of judgment. Defendant also argues the abstract of judgment does not clearly identify the Los Angeles County case and the People agree. Although we do not necessarily agree with the parties on the latter point, because we are remanding for resentencing, these issues can be raised with the trial court on remand.

restitution fines; and (2) the trial court committed prejudicial error in not ordering a probation report, so that the probation officer could investigate facts relevant to defendant's ability to pay the restitution fines. The People do not dispute the first contention but argue that any error in the trial court's failure to obtain a report or waiver was harmless. Defendant has the better argument given the particular facts of this case.

Absent a waiver, "[i]f a person is not eligible for probation, the judge shall refer the matter to the probation officer for an investigation of the facts relevant to determination of the amount of a restitution fine pursuant to subdivision (b) of Section 1202.4." (§ 1203, subd. (g); *People v. Goldstein* (1990) 223 Cal.App.3d 465, 471 ["the 1984 amendment made mandatory a referral to the probation department for investigation of facts relevant to determination of the amount of restitution fines"].) In setting restitution above the minimum, courts shall consider any relevant factors, including "the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime." (§ 1202.4, subd. (d).)

Defendant did not waive his right to a presentence report, so we agree with the parties that the court erred in failing to order preparation of a report.

We cannot say this error was harmless. "Because the alleged error implicates only California statutory law, review is governed by the *Watson* harmless error standard. [Citations.] That is, we shall not reverse unless there is a reasonable probability of a result more favorable to defendant if not for the error." (*People v. Dobbins* (2005) 127 Cal.App.4th 176, 182.)

The trial court did not seem to realize that it had jurisdiction to lower the $1,200 restitution fine in the Los Angeles case. It initially was not even aware of this earlier case until it was raised by the prosecutor. Once alerted, the court noted it intended to only "restate" the sentence and not make this "anew." To the extent it found or acted as

though it did not have authority to resentence on all aspects of the Los Angeles case, this would be an abuse of discretion. (*People v. Bruce G.* (2002) 97 Cal.App.4th 1233, 1247 ["An erroneous understanding by the trial court of its discretionary power is not a true exercise of discretion"].) Further, as we have described, the court's finding of ability to pay did not seem to extend to this fine; indeed, the court made no findings related to this fine.

A factor to consider in setting a restitution fine is the defendant's ability to pay. As defendant points out in his brief, we do not know whether he can work in prison or not. The trial court purported to take judicial notice of defendant's ability to work in prison over the objection of defense counsel; no evidence was presented on that issue. Though some prisoners are permitted an opportunity to earn wages, this is not guaranteed, especially for prisoners with multiple in-prison offenses like defendant. (See *People v. Rodriguez* (2019) 34 Cal.App.5th 641, 648-649.) We also do not know the circumstances surrounding the Los Angeles county case, which is another relevant consideration in setting the restitution amount. The trial court and parties did not seem aware of this case at the time of the plea agreement or up until the beginning of the sentencing hearing, hence the agreed-upon improper four-year sentence on the Lassen County offense at the outset. The report would have helped resolve these unknowns and quite possibly would have justified a lower restitution fine. Because there is a reasonable probability the mandatory report, followed by the trial court's proper exercise of its discretion in both cases, as we have described *ante*, would have resulted in a more favorable result for defendant, we must remand for preparation of a report and resentencing thereafter.

## DISPOSITION

The sentencing order is vacated, and the cause is remanded for resentencing in a manner consistent with this opinion.  The judgment is otherwise affirmed.


_____/s/_____
Duarte, J.


We concur:


_____/s/_____
Mauro, Acting P. J.


_____/s/_____
Hoch, J.

6