Filed 8/22/25  P. v. Macias CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOHN PAUL MACIAS,<br><br>  Defendant and Appellant. | B336726<br><br>Los Angeles County<br>Super. Ct. No. BA462573 |

APPEAL from an order of the Superior Court of Los Angeles County, Robert C. Vanderet, Judge.  Reversed and remanded.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In resentencing John Paul Macias, the court struck a one-year prior prison term enhancement but refused to consider a prison term from another case in another county. The prosecution concedes this was error. We remand for resentencing. Code citations are to the Penal Code.

The facts of Macias's crimes do not bear on this appeal. We go straight to the sentencing issue.

In February 2019, in Case No. BA462573, Macias pleaded no contest to four crimes. He also admitted two enhancements and a one-year prison prior under section 667.5, subdivision (b). A Los Angeles County court sentenced Macias to 10 years in prison.

Several months later, Macias faced charges for offenses that occurred while he was incarcerated in Kern County in 2016. This is Case No. DF012786A. Macias entered no contest pleas. In December 2019, the Kern County court imposed a three-year prison sentence, consecutive to the sentence in Case No. BA462573.

In 2023, in Case No. BA462573, Macias moved to recall his sentence under section 1172.75, because it included the now-invalid one-year prison prior term. (See § 1172.75, subds. (a) & (c).) Macias sought a full resentencing and further sentence reduction based on ameliorative changes in various sentencing laws.

Macias filed a supplemental memorandum noting the resentencing court had to account for his Kern County case and pronounce a single aggregate term. He sought a sentence reduction for this matter as well.

The prosecution opposed relief beyond striking the invalid enhancement.

The court held a brief hearing in January 2024. The minute order shows the court considered Macias's motion and the opposition, but it did not mention Macias's supplemental filing. The court struck the one-year prior prison term enhancement in Case No. BA462573, denied further relief, and resentenced Macias to nine years in prison.

The court twice said it lacked jurisdiction over the Kern County case and refused to address it.

On appeal, both sides say this was error. Both maintain Macias is entitled to a new sentencing hearing where the court considers the cases from both counties in imposing a new aggregate sentence. We agree.

Under section 1172.75, the resentencing court was required to conduct a full resentencing hearing applying current law and the Judicial Council sentencing rules. (§ 1172.75, subd. (d)(2).)

This law and these rules require a sentencing court imposing a determinate sentence consecutively to another determinate sentence imposed by a different court to pronounce a single aggregate term combining the sentences. (Cal. Rules of Court, rule 4.452(a)(1); § 1170.1, subd. (a).) This requirement applies across counties. (See *People v. Brantley* (2019) 43 Cal.App.5th 917, 920, 923 [Lassen County sentencing court erred in failing to include Mendocino County offense when it pronounced judgment]; *People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1120–1121, 1126 [where defendant was convicted of crimes, first in Sacramento County and then in Yolo County, the Yolo County court properly resentenced defendant on the Sacramento case and consolidated the sentences, as required]; see also *In re Bolton* (2019) 40 Cal.App.5th 611, 615–616, 624–625 (*Bolton*).)

3

The court had jurisdiction to recall and resentence Macias on the matters from both counties, as together they made a single sentence.  (*Bolton, supra*, 40 Cal.App.5th at p. 624 ["A person sentenced for convictions in multiple cases receives a single sentence"]; see also *People v. Sellner* (2015) 240 Cal.App.4th 699, 701 [consecutive sentences viewed as interlocking pieces of a single aggregate determinate term and judgment].)

**DISPOSITION**

We vacate the nine-year state prison term and remand for a full resentencing hearing consistent with this opinion, at which the court shall impose a consolidated sentence.  We otherwise express no opinion as to how the court should resentence Macias.

WILEY, J.

We concur:

STRATTON, P. J.

RUBIN, J.[*]

_____

[*] Retired Presiding Justice of the Court of Appeal, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4