Filed 5/31/2016

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN GABRIEL ACOSTA,<br><br>    Defendant and Appellant. | 2d Crim. No. B263849<br>(Super. Ct. No. 2012039886)<br>(Ventura County) |

In this appeal we reaffirm the principle that prior prison term enhancements do not attach to a particular count or case. Instead, they attach to the aggregate sentence irrespective of whether that sentence is pronounced for multiple convictions in the same case or in multiple cases. Here, the trial court pronounced an aggregate sentence for multiple felony convictions in three separately brought cases, including the instant case. The trial court "dismissed" six prior prison term enhancements in the instant case because it had already imposed them in another case. Such enhancements can be imposed only once on the aggregate sentence.

The purported dismissals of the six prior prison term enhancements in the instant case were ineffectual because the enhancements attached to the aggregate sentence and had been imposed on that sentence. Thus, when the felony convictions in the two other cases were later reduced to misdemeanors pursuant to Proposition 47, there was no impediment to the reimposition of the six prior prison term enhancements upon resentencing in the instant case. Furthermore, all six prior prison term enhancements

were properly imposed even though the convictions underlying three of the prior prison terms had been reduced to misdemeanors pursuant to Proposition 47.

Juan Gabriel Acosta appeals from the judgment entered following resentencing on the sole remaining felony conviction in the instant case. The trial court originally sentenced him to a consecutive term of eight months (one-third the middle term of two years) and, as discussed above, "dismissed" six prior prison term enhancements. After the other felony convictions comprising the aggregate sentence had been reduced to misdemeanors pursuant to Proposition 47, the court resentenced him on the remaining felony conviction to prison for eight years: the middle term of two years plus six years for the six previously dismissed prior prison term enhancements.

Appellant contends that, although the trial court properly increased the sentence on the remaining felony conviction from eight months to two years (*People v. Sellner* (2015) 240 Cal.App.4th 699), it exceeded its jurisdiction by enhancing that sentence with the six previously dismissed prior prison term enhancements. We affirm.

*Procedural Background*

Pursuant to a negotiated disposition in the instant case, in April 2014, appellant pleaded guilty to two felonies: second degree commercial burglary (count 1 - Pen. Code, § 459)[1] and resisting an executive officer (count 3 - § 69). He also pleaded guilty to a misdemeanor: disobeying a court order (count 4 - § 166, subd. (a)(4)). He admitted six prior prison term enhancements (§ 667.5, subd. (b)) and one prior "strike" within the meaning of California's "Three strikes" law. (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d).) It was agreed that a felony charge of petty theft with a prior (count 2 - § 666, subd. (b)) would be dismissed at the time of sentencing. In a felony disposition statement, appellant acknowledged that he could be sentenced to state prison for 13 years, 4 months.

On May 15, 2014, appellant was sentenced on the convictions in the instant case and two other cases: case number 2014001248 (hereafter case 2) and case number

---

[1] All statutory references are to the Penal Code unless otherwise stated.

2013039248 (hereafter case 3). In case 2, appellant was sentenced to prison for 11 years: three years for possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)), plus six years for six prior prison terms enhancements (§ 667.5, subd. (b)), plus two years for an out-on-bail enhancement. (§ 12022.1, subd. (b).) In case 3 he was sentenced to a consecutive term of eight months for petty theft with a prior. (§ 666.) In the instant case he was sentenced to a consecutive term of 16 months: eight months for each of the two felony convictions. The trial court purported to dismiss the six prior prison term enhancements because in case 2 the same enhancements had been used to add six years to appellant's prison sentence. The parties informed the court that the prior prison term enhancements could "only [be] imposed once." The aggregate sentence in all three cases was 13 years. However, the trial court suspended the execution of the sentence and placed appellant on probation.

In September 2014 the trial court found that appellant had violated the terms of his probation. It terminated probation and ordered into effect the previously suspended 13-year prison sentence.

As a result of the passage of Proposition 47 in November 2014, the felony offenses in the three cases were reclassified as misdemeanors with one exception: resisting an executive officer in the instant case. (§ 69.) In April 2015 appellant filed a petition for the recall of his felony sentence for second degree commercial burglary (§ 459) in the instant case. Appellant requested that he be resentenced to misdemeanor shoplifting (§ 459.5) pursuant to section 1170.18, subdivisions (a) and (b).[2]

---

[2] Section 1170.18, subdivision (a) provides, "A person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing" to a misdemeanor. Section 1170.18, subdivision (b) provides: "If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

At the hearing on his petition, appellant orally modified the petition to include case 2 and case 3. The court resentenced appellant to misdemeanors in both of these cases. It did not impose any jail time for the misdemeanor convictions. In addition, the court granted an application to designate as misdemeanors three prior felony convictions (case nos. 2001028823, 2006032094, and 2010008753) underlying three of the six prior prison term enhancements. The designation was pursuant to section 1170.18, subdivisions (f) and (g).[3]

In the instant case, the court reduced appellant's felony burglary conviction to misdemeanor shoplifting. On the remaining felony conviction (§ 69), the court resentenced appellant to prison for the middle term of two years plus six years for the six previously dismissed prior prison term enhancements. Thus, the aggregate prison sentence in the instant case is eight years.

*The Trial Court Had the Authority to Reimpose the*

*Prior Prison Term Enhancements*

When appellant was originally sentenced, the trial court purportedly dismissed the six prior prison term enhancements in the instant case only because the same enhancements had been imposed in case 2 and, therefore, could not be imposed again. (*People v. Edwards* (2011) 195 Cal.App.4th 1051, 1060 ["Prior prison term enhancements are status enhancements which can be imposed only once, on the aggregate sentence. Here, the sentence in [the instant case] was made consecutive to the sentence in case [2], creating a single aggregate term."].) When appellant was resentenced in the instant case the trial court imposed a one-year term for each of the six

---

[3] Section 1170.18, subdivision (f) authorizes "a person who has completed his or her sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense" to apply to have the felony designated as a misdemeanor. (*Ibid.*) Subdivision (g) provides, "If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor."

previously dismissed prior prison term enhancements. Appellant contends that the trial court "did not have the authority to resurrect [any of the] dismissed prison priors."

The purported dismissal of the six prior prison term enhancements in the instant case was not a "true" dismissal because it did not insulate appellant from the enhancements' additional punishment. The same enhancements were imposed in case 2 as part of the aggregate sentence for all three cases. The sole reason for the purported dismissal in the instant case was that they had already been imposed in case 2 and therefore could not be imposed again to increase the aggregate sentence. When the trial court resentenced appellant to a misdemeanor in case 2, the prior prison term enhancements in that case became inapplicable because they can be imposed only where the new offense is a felony. (§ 667.5, subd. (b).) But the enhancements did not simply vanish by legal legerdemain. They remained available for sentencing purposes because they had been imposed on the aggregate sentence and were not attached to a particular count or case. The trial court did not need to "resurrect" them. "Enhancements for prior convictions . . . have nothing to do with particular counts but, since they are related to the offender, are added only once as a step in arriving at the aggregate sentence." (*People v. Tassell* (1984) 36 Cal.3d 77, 90, overruled on another ground in *People v. Ewoldt* (1994) 7 Cal.4th 380, 401-402; see also *People v. Coronado* (1995) 12 Cal.4th 145, 156 ["Prior prison term enhancements . . . are attributable to the *defendant's status* as a repeat offender"].) Upon resentencing appellant for the sole remaining felony offense of resisting an executive officer, the six prior prison term enhancements were properly "added only once as a step in arriving at the aggregate sentence." (*People v. Tassell, supra*, 36 Cal.3d at p. 90.)

*Service of A Prior Prison Term Does Not Vanish When the*
*Underlying Felony Conviction is Reduced to a Misdemeanor*

The second issue is whether the trial court properly imposed enhancements on the three prior prison terms for which the underlying felony convictions had been reduced to misdemeanors pursuant to Proposition 47. This issue is a familiar one as there has been a spate of appellate opinions, unanimously holding that a prior prison term

enhancement is not affected by Proposition 47. (See e.g., *People v. Valenzuela* (2016) formerly 244 Cal.App.4th 692, review granted Mar. 7, 2016, S232900.) We have a different theory reaching the same result. It is simple, straight forward, comports with the "plain meaning rule", and is consistent with laws seeking to curtail and punish recidivism.

Subdivision (k) of section 1170.18 did not prohibit the imposition of the three prior prison term enhancements based on felony convictions that were subsequently designated as misdemeanors. This section provides: "Any felony conviction that is . . . designated as a misdemeanor . . . shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm . . . ."

The phrase "for all purposes" applies to the simple "status" of conviction of a felony. This is the plain, unambiguous, and only reading of the statute. (See e.g., *People v. Pecci* (1999) 72 Cal.App.4th 1500, 1505 [plain meaning rule].) There is no mention of the separate and distinct enhancement of prior prison term service in Proposition 47. Section 1170.18, subd. (k) cannot be construed to apply to the actual service of a prison term. Crediting appellant's contention would be a windfall beyond the imagination of the drafters of Proposition 47. We certainly cannot impute such knowledge to the electorate since there is no mention of it in Proposition 47. Indelible erasure of such for all time for subsequent felonies would be an extreme and unreasonable "gift" to a recidivist.

The person who has served a term in prison has had the opportunity for a "…crime-free cleansing period of rehabilitation . . . [and] the opportunity to reflect upon the error of his or her ways." (*People v Humphrey* (l997) 58 Cal.App.4th 809, 813; see also *People v Reed* (l967) 249 Cal.App.2d 468, 472 ["opportunities for rehabilitation" in the habitual criminal statute].) This "status" is something different, and in addition to a simple felony conviction. Here, appellant has had six such opportunities. The fact that an underlying conviction has been reduced by Proposition 47 does not alter the historical fact of prison term service. A prior prison term shows the defendant's "status" as a

6

hardened repeat offender. (*People v. Coronado, supra*, 12 Cal.4th145, 156.) There is an obvious distinction between a convicted felon who has not been sentenced to prison and a person who has done time in the state penitentiary. This is so notwithstanding the fact that our Supreme Court in another context, has indicated that service of a prison term is but a "subset" of a felony conviction. (*People v. Prather* (1990) 50 Cal.3d 428, 440.)

As indicated, nothing in Proposition 47 expressly mentions that an offender is relieved of the penal consequences of having served a term in prison. An appellate court should not "add" provisions to a statute. (See e.g., *People v Buena Vista Mines Inc.* (l996) 48 Cal.App.4th 1030, l034.) This is not a new concept. In l926, Justice Louis Brandeis, speaking for a unanimous Supreme Court, said, "What the government asks is not a construction of a statute, but, in effect, an enlargement of it by the court, so that what was omitted, presumably by inadvertence, may be included within its scope. To supply omissions transcends the judicial function. [Citations.]" (*Iselin v United States* (l926) 270 U.S. 245, 251 [70 L.Ed. 566, 569-570].) We decline the invitation to "add" and judicially create an "enlargement" of the statute.

*Disposition*

The judgment is affirmed.

CERTIFIED FOR PUBLICATION.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

7

David Hirsch, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy and William Quest, Senior Deputy Public Defender, for Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.