Filed 11/15/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN VICTOR MENDOZA,<br><br>    Defendant and Appellant. | 2d Crim. No. B272222<br>(Super. Ct. No. 2011026481)<br>(Ventura County) |

In *People v. Sellner* (2015) 240 Cal.App.4th 699 (*Sellner*), we held that when a trial court grants Proposition 47 relief for a principal term, the court must resentence the defendant on the subordinate term. Here, we hold that when a trial court grants Proposition 47 relief for a subordinate term, the court may resentence the defendant on any component of the aggregate term.

Juan Victor Mendoza pleaded guilty to several offenses and admitted various allegations in case number 2011026481 (Case A) and case number 2011009143 (Case B). In October 2012, the trial court sentenced him to an aggregate determinate sentence of nine years state prison. In Case A, the

court selected count 1 (Pen. Code, § 186.22, subd. (a))[1] as the principal term and imposed 32 months state prison with a consecutive five-year prior serious felony enhancement (§ 667, subd. (a)(1)).  The court imposed concurrent sentences of 32 months state prison for counts 2 and 3 (§ 594, subd. (b)(1)), with concurrent two-year gang enhancements (§ 186.22, subd. (b)).

In Case B, the court imposed a 16-month sentence on count 1 (Health & Saf. Code, § 11377), to run consecutive to Case A.

Four years later, the trial court granted Mendoza's Proposition 47 petition in Case B, and reduced the offense to a misdemeanor.  (§ 1170.18.)  The court resentenced Mendoza to a consecutive one-year term in county jail, deemed served.  In Case A, the court modified the previous concurrent 32-month sentence in count 2 to become a consecutive 16-month prison term.  Counts 1 and 3 remained the same.

## DISCUSSION

Mendoza contends the trial court lacked jurisdiction to resentence him in Case A.  He also claims and the Attorney General concedes the sentence was unauthorized because it was longer than the original sentence.  We modify the judgment to reflect a concurrent sentence in Case B, but otherwise affirm.

When a trial court grants Proposition 47 relief on an eligible felony offense, it resentences the defendant to a misdemeanor.  (§ 1170.18, subd. (b).)  Proposition 47 does not limit the court to rigid sentencing options.  (See *Sellner*, *supra*, 240 Cal.App.4th 699; *People v. Acosta* (2016) 247 Cal.App.4th 1072, 1076-1077 (*Acosta*).)  A trial court may reconsider any

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

component underlying the sentence. (*Ibid*.; see also *People v. Roach* (2016) 247 Cal.App.4th 178, 186; *People v. Rouse* (2016) 245 Cal.App.4th 292, 300 ["'The purpose of section 1170.18 is to take the defendant back to the time of the original sentence and resentence him with the Proposition 47 count now a misdemeanor.' [Citation.]" (Italics omitted.)].) For example, a trial court may impose six previously dismissed prior prison term enhancements when resentencing a defendant following Proposition 47 relief on another case. (*Acosta*, *supra*, at pp. 1076-1077.) A trial court may also revisit and impose a harsher punishment on other non-Proposition 47 misdemeanor counts if a defendant is entitled to Proposition 47 resentencing on another count. (*People v. Cortez* (2016) 3 Cal.App.5th 308, 316-317 (*Cortez*).)

In *Sellner*, we held that a trial court has jurisdiction to resentence the defendant on a non-Proposition 47 case where Proposition 47 relief applies to the principal term. (*Sellner*, *supra*, 240 Cal.App.4th at p. 701.) There, the court originally imposed an aggregate sentence of three years eight months (a three-year principal term and an eight-month subordinate term). The court granted Proposition 47 relief on the principal term, and resentenced the defendant on the subordinate term to two years. (*Ibid*.) We affirmed the judgment, explaining that under section 1170.1, subdivision (a), when a defendant is sentenced consecutively for multiple convictions, the aggregate determinate sentence "'is to be viewed as interlocking pieces consisting of a principal term and one or more subordinate terms. . . .' [Citation.]" (*Sellner*, *supra*, at p. 701.) Thus, the "the trial court not only was vested with jurisdiction to resentence [the subordinate term], it was required to do so." (*Ibid*., citing *People*

3

*v. Begnaud* (1991) 235 Cal.App.3d 1548, 1552.) We observed that because the recomputed two-year sentence was less than the original sentence, "defendant ha[d] not been punished more severely for the successful filing of a Proposition 47 petition." (*Sellner*, *supra*, at p. 702.)

We reject Mendoza's contention that *Sellner* does not apply when the trial court grants Proposition 47 relief on a subordinate term. As in *Sellner,* Mendoza's aggregate sentence for the two cases is "to be viewed as interlocking pieces." (*Sellner*, *supra*, 240 Cal.App.4th at p. 701.) When Proposition 47 applies to any count or related case, the trial court must reconsider the entirety of the aggregate sentence. (*Id.* at pp. 701-702.) The court was entitled to resentence Case A anew; its options included changing a concurrent term to a consecutive term. (See *Cortez*, *supra*, 3 Cal.App.5th at p. 316 ["a court may choose to run counts consecutively that were previously run concurrently"].)[2]

Mendoza also claims and the Attorney General concedes that, upon resentencing, the trial court erred by imposing a longer term than the original nine-year term. Section 1170.18, subdivision (e) provides: "Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence." The parties agree that the trial court resentenced defendant to a nine-year term in Case A and a consecutive one-year term in Case B, for a total of 10 years.

---

[2] California Rules of Court, rule 4.452(3) is inapplicable because the same sentencing judge presided over both the original sentencing and resentencing hearings. In any event, the court was entitled to reconsider all sentencing decisions. (See *Acosta, supra*, 247 Cal.App.4th at pp. 1076-1077; *Cortez, supra*, 3 Cal.App.5th at p. 316.)

4

When a trial court's intention is clear, we "need not remand for resentencing, but can modify the judgment to reflect the intent of the trial court." (*People v. Gutierrez* (1996) 46 Cal.App.4th 804, 816; see also § 1260.) The trial court clearly indicated that its intent was to impose the same "global disposition of nine years" it had previously imposed. We modify the judgment to reflect a concurrent, not consecutive, one-year sentence in Case B for an aggregate term of nine years, consistent with the trial court's intended disposition.

DISPOSITION

The judgment is modified to reflect that the one-year sentence for Case B run concurrently to sentence imposed in Case A. The trial court is directed to prepare an amended abstract of judgment reflecting the modification and to forward the amended abstract to the California Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

5

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, State Public Defender, Michael C. McMahon, Chief Deputy State Public Defender, William Quest, Senior Deputy State Public Defender, and Cerise M. Fritsch, Law Clerk for State Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, and Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.