Filed 1/7/21  P. v. Inabnit CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C078749 |
| Plaintiff and Appellant, | (Super. Ct. Nos. 13F282, 13F7685, 14F1618, & 14F3212) |
| v. | |
| JAMES LEE INABNIT, | ORDER MODIFYING OPINION AND DENYING REHEARING [CHANGE IN JUDGMENT] |
| Defendants and Respondents. | |

THE COURT:

It is ordered that the opinion filed herein on December 21, 2020, be modified as follows:

On page 2, the last sentence of the last paragraph, before the heading "PROCEDURAL BACKGROUND," is deleted.  In its place the following sentence is added:

Our holding, which is consistent with the court's holding in *Orozco*, remains unchanged except that an intervening change in the law requires striking the prior prison term enhancements in this case.

1

Starting on page 18, part III of the Discussion, all four paragraphs are deleted and replaced with the following:

Defendant admitted three prior prison term enhancements (§ 667.5, subd. (b)) as part of the plea agreement.  The trial court originally imposed a one-year term each for two of the prison priors and stayed a third one-year term for the third prison prior but stayed punishment for all three prison priors at Proposition 47 resentencing.

On transfer from the Supreme Court, defendant contends and the Attorney General agrees that the three prison priors should be stricken due to the change in the law promulgated by Senate Bill No. 136 (2019-2020 Reg. Sess.) effective January 1, 2020.  We agree.

Senate Bill No. 136 amended section 667.5, subdivision (b), which formerly imposed a one-year sentence enhancement for prior prison terms such as defendant's here.  Pursuant to Senate Bill No. 136, the enhancement now applies only if a defendant served a prior prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).  (See Stats. 2019, ch. 590, § 1.)

Because defendant's sentence was not final when Senate Bill No. 136 took effect and because his prior offense was not for a sexually violent felony, we agree that the amended law applies to defendant retroactively. (See *People v. Vieira* (2005) 35 Cal.4th 264, 306 [the defendant is entitled to retroactive application of criminal statute that takes effect during the time the defendant has to appeal to the United States Supreme Court]; *In re Estrada* (1965) 63 Cal.2d 740, 742; *People v. Lopez* (2019) 42 Cal.App.5th 337, 341-342.)

Since the trial court stayed imposition of the prison priors when it resentenced defendant, remand for resentencing is not required.  However,

2

since we will be remanding for the court to recalculate custody credits, we shall direct the court to strike the prison priors on remand.

On page 21, the paragraph under the heading "DISPOSITION," is deleted and replaced with the following:

The matter is remanded to the trial court with directions to (1) strike the prior prison term enhancements, and (2) recalculate defendant's presentence custody credits. In all other respects, the judgment is affirmed.

This modification changes the judgment.

Appellant's petition for rehearing is denied.

BY THE COURT:


_____/s/_____
RAYE, P. J.


_____/s/_____
BLEASE, J.


_____/s/_____
MAURO, J.

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C078749 |
| Plaintiff and Appellant, | (Super. Ct. Nos. 13F282, 13F7685, 14F1618, & 14F3212) |
| v. | |
| JAMES LEE INABNIT, | OPINION ON TRANSFER |
| Defendants and Respondents. | |

Defendant James Lee Inabnit entered guilty pleas in four separate matters and was sentenced to an aggregate term of seven years four months in state prison.  Several months later, defendant petitioned the trial court for reduction and resentencing in all four cases pursuant to Proposition 47 (Pen. Code, § 1170.18)[1] passed by California voters weeks after he was sentenced.  The court granted his petition in two of the cases, but

---

[1]      Undesignated statutory references are to the Penal Code.

1

denied his petition as to the remaining two, concluding section 1170.18 did not apply to those cases. The court resentenced defendant to the previously imposed term of seven years four months consistent with the plea bargain.

On appeal, defendant contends (1) the trial court erred in denying his Proposition 47 petition for reduction and resentencing of his conviction for receipt of a stolen vehicle (§ 496d), (2) his sentence should be reduced to six years, and (3) the prior prison term enhancements stayed by the trial court pursuant to section 654 should have been stricken. In supplemental briefing, defendant contends, and the People agree, the trial court miscalculated presentence custody credits.

We originally concluded the trial court did not err in denying defendant's Proposition 47 petition to reduce his felony conviction for receipt of a stolen motor vehicle. (§ 496d.) We remanded the matter to the trial court with directions to (1) either impose the prior prison term enhancements previously stayed by the court or strike them and provide a corresponding statement of reasons therefor, and (2) recalculate defendant's presentence custody credits. We affirmed the judgment in all other respects.

Our Supreme Court granted review but deferred further action pending disposition in *People v. Orozco* (2020) 9 Cal.5th 111 (*Orozco*). Following its decision in *Orozco*, the court transferred this matter back to us with directions to vacate our decision and reconsider it in light of *Orozco*. In *Orozco*, the court found the "revision to section 496, making the offense of receiving stolen property a misdemeanor when the value of the property is $950 or less, does not extend to convictions for receiving a stolen vehicle under section 496d." (*Id.* at p. 115.) We are bound by our Supreme Court's decision in *Orozco*. Our holding, which is consistent with the court's holding in *Orozco*, remains unchanged.

PROCEDURAL BACKGROUND[2]

*Case No. 13F282*

On January 22, 2013, defendant was charged with possession of methamphetamine. (Health & Saf. Code, § 11377, subd. (a).) The complaint alleged defendant suffered one prior strike conviction. (§ 1170.12.)

On July 11, 2013, defendant entered a negotiated plea of guilty to possession of methamphetamine in exchange for dismissal of the prior strike allegation pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).[3]

The court suspended imposition of sentence, placed defendant on three years of informal probation subject to terms and conditions, and imposed fees, fines, penalties, and assessments.

On August 23, 2013, and again on December 13, 2013, it was alleged defendant violated probation.

*Case No. 13F7685*

The limited facts taken from the probation report are as follows: On December 3, 2013, defendant "was the driver of a stolen vehicle." Defendant "admitted he thought the vehicle was stolen, but did not know for sure."

On December 4, 2013, defendant was charged with possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)--count 1) and receiving a stolen motor

---

[2] A recitation of the facts underlying defendant's crimes is unnecessary for the resolution of this appeal. Relevant facts will be discussed where pertinent and necessary to the discussion of the issues raised.

[3] The plea agreement included a guilty plea in pending case No. 12CT7268 to driving on a suspended license and dismissal with a *Harvey* waiver of case No. 13F1146 (neither of which is at issue in this appeal), and defendant's admission that he violated probation in his "misdemeanor cases."

3

vehicle (§ 496d, subd. (a)--count 2).  The complaint alleged defendant suffered one prior strike conviction (§ 1170.12) and two prior prison terms (§ 667.5, subd. (b)).

On March 19, 2014, defendant was released on his own recognizance (OR) in case Nos. 13F282 and 13F7685.

*Case No. 14F1618*

On March 24, 2014, defendant was charged by criminal complaint with second degree robbery.  (§ 211.)  The complaint alleged defendant suffered a prior strike conviction (§ 1170.12) and three prior prison terms (§ 667.5, subd. (b)), and was armed with a firearm during commission of the offense (§ 12022, subd. (a)(1)).

On April 1, 2014, defendant's OR status in case Nos. 13F282 and 13F7685 was revoked.

On April 11, 2014, defendant was charged by first amended complaint with second degree robbery.  (§ 211.)  The amended complaint alleged defendant suffered a prior strike conviction (§ 1170.12), three prior prison terms (§ 667.5, subd. (b)), a prior serious felony conviction (§ 677, subd. (a)(1)), was armed with a firearm during commission of the offense (§ 12022, subd. (a)(1)), and committed the offense while released on OR (§ 12022.1).

On April 16, 2014, the complaint was again amended to add an additional charge of grand theft.  (§ 487, subd. (c).)  That same day, defendant entered negotiated pleas as follows:  In case No. 14F1618, defendant pleaded guilty to grand theft of a person (§ 487, subd. (c)), and admitted the prior strike and three prior prison term allegations; in case No. 13F7685, defendant pleaded guilty to receiving a stolen motor vehicle (§ 496d, subd. (a)) and admitted the prior strike; and in case No. 13F282, defendant admitted violating probation on two occasions.  Defendant entered the pleas in exchange for a stipulated six-year state prison sentence, OR release with a waiver pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247, and dismissal of the prior prison term allegations subject to no *Cruz* violations.  Defendant was released on OR pursuant to his plea bargain.

On April 24, 2014, defendant was alleged to have violated probation.

*Case No. 14F3212*

On June 5, 2014, defendant was charged with possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a).) The complaint alleged defendant suffered a prior strike conviction (§ 1170.12) and three prior prison terms (§ 667.5, subd. (b)).

On September 15, 2014, defendant entered a negotiated plea of guilty to possession of a controlled substance and admitted the prior strike in exchange for a stipulated state prison sentence of seven years four months (which incorporated the sentence from defendant's prior plea) and dismissal with a *Harvey* waiver of the balance of charges and allegations against him (including charges in case Nos. 14F2328 and 13TR6797, and alleged probation violations in case No. 13F282).

*Sentencing*

On October 2, 2014, the trial court sentenced defendant to an aggregate term of seven years four months in state prison comprised as follows:

In case No. 13F7685, the court imposed the low term of 16 months for the violation of section 496d, subdivision (a), doubled for the prior strike;

In case No. 14F1618, the court imposed a term of eight months (one-third the middle term) for violation of section 487, subdivision (c), doubled for the prior strike, plus consecutive one-year terms for two of the prior prison term allegations, and a consecutive one-year term for the third prior prison term, stayed pursuant to section 654;

In case No. 14F3212, the court imposed a term of eight months (one-third the middle term) for violation of Health and Safety Code section 11377, subdivision (a), doubled for the prior strike; and

In case No. 13F282, the court revoked probation and imposed a concurrent two-year term.

The court imposed fees and fines, and awarded presentence custody credit as follows:

In case No. 13F7685, defendant was awarded 63 days of actual custody, plus 62 days of conduct custody, for a total of 125 days of custody credit;

In case No. 13F282, defendant was awarded 63 days of actual custody, plus 62 days of conduct custody, for a total of 125 days of custody credit;

In case No. 14F1618, defendant was awarded 59 days of actual custody, plus 58 days of conduct credit, for a total of 117 days of custody credit; and

In case No. 14F3212, defendant was awarded 49 days of actual custody, plus 48 days of conduct credit, for a total of 97 days of custody credit.

*Proposition 47 Resentencing*

On February 6, 2015, defendant filed petitions for resentencing (§ 1170.18) in case Nos. 13F282, 13F7685, 14F1618, and 14F3212.[4] The People conceded resentencing was appropriate in case Nos. 13F282 and 14F3212, but opposed the petition in case No. 14F1618 on the ground that the claim of loss attributable to defendant's violation of section 487, subdivision (c) (grand theft of a person) was $1,500.

At the February 23, 2015 hearing on defendant's petitions, the trial court granted the petitions as to case Nos. 13F282 and 14F3212 and resentenced defendant to time served "without further need for probation" in those cases. The court continued the hearing on the petitions in case Nos. 13F7685 and 14F1618.

On March 9, 2015, the parties stipulated that the value of the property in case No. 14F1618 exceeded $950, and the trial court denied defendant's Proposition 47

---

**4** The record on appeal does not include the actual Proposition 47 petition for case No. 13F7685. However, the court's minutes and resentencing minute order reflect that the petition was filed on February 6, 2015.

petition on that ground. The parties disagreed, however, on whether defendant's ultimate sentence was seven years four months or six years.

The trial court concluded section 1170.18 did not apply to case Nos. 13F7685 and 14F1618 and resentenced defendant to an aggregate term of seven years four months as follows: In case No. 13F7685, the court imposed the upper term of three years, doubled for the prior strike; in case No. 14F1618, the court imposed a consecutive eight-month term (one-third the middle term), doubled for the prior strike, and stayed punishment for the three prior prison terms pursuant to section 654.[5]

The court calculated presentence custody credits as follows: In case No. 13F7685, defendant was awarded 61 days of actual custody, plus 60 days of conduct custody, for a total of 121 days of custody credit; in case No. 14F1618, defendant was awarded 57 days of actual custody, plus 56 days of conduct credit, for a total of 113 days of custody credit.

Defendant filed a timely notice of appeal.

## DISCUSSION

### I

### *Denial of Proposition 47 Petition*

Defendant contends the trial court erred in denying his petition to reduce his felony conviction for violating section 496d, subdivision (a)[6] to a misdemeanor pursuant

---

[5]     The transcript reflects the trial court said, "the upper term of six years doubled pursuant to the strike for a total of six." Either the court misspoke or there was an error in transcription, as the aggravated term for a violation of section 496d, subdivision (a) is three years. The transcript also reflects the trial court said, "one third of the midterm of eight *years* doubled to one year four months." (Italics added.) Again, either the court misspoke or there was an error in transcription, as one-third the midterm for a violation of section 487, subdivision (c) is eight *months*.

[6]     A person violates section 496d, subdivision (a), when he or she "buys or receives any motor vehicle . . . that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any motor

to Proposition 47. He claims there was no evidence the vehicle had a value over $950, in effect making the crime a petty theft within the meaning of section 490.2, a crime eligible for resentencing under Proposition 47. He also contends equal protection requires that section 496d convictions be treated as misdemeanors. The claims lack merit.

"On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47), which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id.* at p. 1091.) Proposition 47 created a resentencing provision, codified at section 1170.18, which provided that "a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. [Citation.]" (*Rivera,* at p. 1092; quoting § 1170.18, former subd. (a).)

Recently, our Supreme Court decided *Orozco*, concluding "the language of . . . [section] 496d is clear that a conviction for receiving a stolen vehicle valued at $950 or less under section 496d does not qualify for sentence reduction" under Proposition 47. (*Orozco, supra,* 9 Cal.5th at pp. 122, 115.)

Defendant filed a supplemental brief in which he relies on his previous briefing and does not take a contrary position to or otherwise address *Orozco*. The People argue, in their supplemental brief, that *Orozco* is dispositive of defendant's Proposition 47 claim. We are bound to follow *Orozco*. (*Auto Equity Sales, Inc. v. Superior Court*

---

vehicle . . . from the owner, knowing the property to be so stolen or obtained . . . ." (§ 496d, subd. (a).)

(1962) 57 Cal.2d 450, 455.)  Therefore, we reject defendant's claim and conclude the trial court correctly determined defendant was ineligible for recall of sentence and resentencing pursuant to section 1170.18.

II

*Defendant's Sentence*

Defendant contends his state prison sentence should be reduced to six years to comport with his plea agreement and the trial court's reduction of his felony conviction in case No. 14F3212 to a misdemeanor pursuant to his Proposition 47 petition.  He claims that, because he could not be punished with the additional one-year four-month sentence, his plea agreement should have reverted to the previous agreement of 6 years in prison for all three felony cases.

*Background*

On April 16, 2014, defendant entered negotiated pleas in case Nos. 14F1618 and 13F7685 in exchange for a stipulated six-year prison sentence and dismissal of the prior prison term allegations.

Thereafter, defendant committed a new crime, for which he was charged on June 5, 2014, in case No. 14F3212.

On September 15, 2014, defendant entered a new negotiated plea in case No. 14F3212 in exchange for a stipulated state prison sentence of seven years four months and dismissal with a *Harvey* waiver of other charges and allegations against him and alleged probation violations.  The new sentence incorporated the previous sentence from defendant's prior plea agreement.

On October 2, 2014, the trial court sentenced defendant to an aggregate term of seven years four months in state prison as follows:  the low term of 16 months, doubled for the prior strike in case No. 13F7685; eight months (one-third the middle term), doubled for the prior strike, plus a one-year term each for two of the prior prison term allegations, and a one-year term for the third prior prison term, stayed pursuant to section

9

654 in case No. 14F1618; eight months (one-third the middle term), doubled for the prior strike in case No. 14F3212; and a concurrent two-year term in case No. 13F282.

Thereafter, the trial court granted defendant's petitions for resentencing (§ 1170.18) in case Nos. 13F282 and 14F3212. With respect to case No. 14F1618 and 13F7685, the court indicated the sentence would have to be "rework[ed]" noting, "the People . . . gave up the ability to have [defendant] plead to another strike and more serious offense in exchange for the term." The matter was continued to give the parties time to research the issue.

At resentencing, the following colloquy took place between the court and the parties:

"THE COURT: It was a stipulated 7 year 4 month sentence by the plea. I take that from the plea form from September 15th of 2014. Give me just a minute.

"All right, 7 year 4 month sentence, I believe. That would be--there were strikes admitted in each, right?

"So [case No.] 14F1618 can become the--well, it doesn't matter which becomes the principal term. If we go six years and then a third of the midterm on another case, that would be a 1, 4. So six years and then the 1, 4 would be a 7 year four month sentence.

"[DEFENSE COUNSEL]: Can the Court tell me how we got to 7, 4 originally?

"[PROSECUTION]: I can show [defense counsel] what I have as the--I believe it's a post-sentence report.

"THE COURT: My last abstract doesn't make any sense at all, unfortunately. It has a series of consecutive terms of eight months, 16 months, and eight months, with a two year concurrent. And that doesn't do it.

"[PROSECUTION]: And I agree with the Court, we could do six years plus the one year four months, and then just strike the prison priors. The punishment on the prison priors.

10

"THE COURT:  Correct.  We can do that.  [¶] . . . [¶]

"[DEFENSE COUNSEL]:  . . . My request is we follow the same sentencing scheme as last time, without that year and four months, and sentence him to a total of six years with the same sentencing scheme we previously followed.

"[PROSECUTION]:  And I would say the People's response would be that there was a bargain for a sentence of seven years four months.

"[DEFENSE COUNSEL]:  There was, but the voters have since decided that we should give people the benefit of those drug possession crimes and no longer adding time to felonies because they are misdemeanors now.

"THE COURT:  Well, in this case also, and this was one of the issue[s] that I had and was kind of holding off on but mentioned it to Counsel at least at one of the prior appearances, and that was in order to get to the [section] 487[, subdivision] (c), the People agreed not to go forward with the [section] 211 as a strike.

"[DEFENSE COUNSEL]:  True.

"THE COURT:  And the stipulation was a seven year four month.  And I think that there is probably an issue down the line for these types of sentencings.

"If it is a lid type of sentence and the Court structures it in a particular way, that is, say it was a six year lid and the Court imposed a four year lid and it was based on a number of cases such as we have here, one of which then goes away, generally my thinking on that is that certainly the Court can't go above the four years it sentenced originally, but can maintain the four years or can remove time that may have made up the total four years.

"But on a stipulated plea, if we can get to that stipulation, then I am inclined to go with the stipulation.

"[DEFENSE COUNSEL]:  If I could have a moment?

"THE COURT:  Because that was the agreement.

"[(Defense counsel confers with defendant off the record.)]

11

"[DEFENSE COUNSEL]: What [defendant] is telling me, and I believe it's true, there was originally a six year offer. He then picked up the new case, 14F3212, it became a seven year four month offer. That's the new case that's now been reduced to a misdemeanor. So, there is a good justice argument that we should be back to the six years.

"In addition, I would, from a legal standpoint, I would say if the Prosecution's not giving [*sic*] the benefit of their bargain, you could say that about every single Proposition 47 case.

"THE COURT: He had six years before he committed another crime. He wasn't given, hey, you get six years and get to commit all the crimes you want. And now it's been made a misdemeanor or not, the wording of the statute doesn't allow for that. It doesn't actually tell us what to do in those circumstances at all. So that's why they need to be reviewed.

"But that argument is not equitable when it comes to how [defendant] behaves. You can't go out on a six year deal, commit another crime and then come back now and say, well, the voters did something, so you can ignore the fact that I committed another crime.

"Subsequent to the six years, he agreed to a seven year four month deal. So one way or the other, that was the agreement. Had he not committed another crime, we would never have been in this particular situation. All right."

After further discussion regarding whether defendant committed the crime charged in case No. 14F3212 before or after reaching his initial plea agreement, the colloquy continued:

"THE COURT: I don't know when the six year deal originally was struck and on which case. It could have been on the 13F7685 case, it could have been on 14F1618. I don't know when it was.

12

"The point is, there was a specific agreement that we can still give the People the benefit of, and [defendant] the benefit of, because I do think there is also an argument to be made that if we are going to blow up any part of the deal, he gets less than what he stipulated to, the People should be able to go back in the [14F]1618 case and prove up the robbery. And I don't think that's in his best interest either.

"[DEFENSE COUNSEL]: And I don't think there is any legal mechanism for the People to withdraw their plea.

"THE COURT: Well, I think there is, and it's something that's out there. And that is, they have made a bargain, just as [defendant] has made a bargain. Now he wants less time. The People give that up. But he doesn't want his robbery, which he bargained for a [section] 487[, subdivision] (c), a non-strike, in order to get it in exchange for a number of years.

"If the People can't get what they want, then he can't get what he wants in that particular situation. Both agreed to it. We are trying to stick the D.A. with one year four month[s] less. I don't think that's fair either. These were the agreements of the parties.

"[PROSECUTION]: And there is also several other cases that were dismissed that I don't think Prop 47 would even pertain to. So--

"THE COURT: Those were dismissed in exchange for the plea and agreement.

"[PROSECUTION]: Correct.

"THE COURT: I mean, these things can be reviewed. I would like to see some appellate authority eventually on some of these issues. But that, I think, goes back to a basic principal of plea bargaining being a contract. And if things are given up on both sides, then one can't come back and say, I don't want the benefit--I want the benefits I received, but not the punishment.

"[DEFENSE COUNSEL]: And I think my objections are on the record and we are prepared to proceed with sentencing.

13

"THE COURT:  All right.  And I don't know that it matters which of the terms is the principal term on the resentencing.  Both admitted a strike.  So we will take the first in time, which is [case No.] 13F7685, impose the midterm--I'm sorry, that would be the upper term of [three] years doubled pursuant to the strike for a total of six.

"And then in [case No.] 14F1618, one[-]third of the midterm of eight [months] doubled to one year four months to run consecutively.  Both enhancements pursuant to [section] 667.5[, subdivision] (b), punishment there will be stayed.  For a total term of seven years and four months."

*Relevant Law*

A negotiated plea agreement is a form of contract and is interpreted according to general contract principles.  (*People v. Segura* (2008) 44 Cal.4th 921, 930; *People v. Shelton* (2006) 37 Cal.4th 759, 767.)  " ' "When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement." ' "  (*Segura,* at pp. 930-931.)  "Thereafter, material terms of the agreement cannot be modified without the parties' consent."  (*People v. Martin* (2010) 51 Cal.4th 75, 80.)

Proposition 47 "does not otherwise automatically disqualify a petitioner and nothing in section 1170.18 reflects an intent to disqualify a petitioner because the conviction was obtained by plea agreement."  (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652.)

"[T]he general rule in California is that the plea agreement will be ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . ." '  [Citation.]  That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them."  (*Doe v. Harris* (2013) 57 Cal.4th 64, 66, 73.)  "[E]ven though, as we

14

have explained, California law does not hold that the law in effect at the time of a plea agreement binds the parties for all time, it is not impossible [that] the parties to a particular plea bargain might affirmatively agree or implicitly understand the consequences of a plea will remain fixed despite amendments to the relevant law. [Citations.]" (*Id.* at p. 71.)

*Discussion*

Defendant contends he first bargained for a six-year term on April 16, 2014, to resolve case Nos. 13F282, 13F7685, and 14F1618. Following his subsequent plea to the charge of drug possession in case No. 14F3212, the parties agreed on September 15, 2014, to a "global disposition of 7 years, 4 months." Thereafter, the trial court granted his Proposition 47 petition in case No. 14F3212 and resentenced him to time served. He claims the additional one-year four-month term added to his sentence pursuant to the September 15, 2014, plea agreement was solely the result of his plea to the new drug possession charge and, because that conviction was ultimately reduced to a misdemeanor, his sentence should be reduced to the six-year term agreed upon in his April 16, 2014, plea agreement.

The People argue the trial court had discretion, after having reduced the felony in case No. 14F3212 to a misdemeanor, to recalculate defendant's sentence to arrive at the agreed-upon sentence of seven years four months. The People asserted additional arguments that we need not address because, as we shall explain, we agree that when a trial court grants Proposition 47 relief for a subordinate term, the court may resentence the defendant on any component of the aggregate term.

When resentencing a defendant in a section 1170.18 proceeding, a trial court's jurisdiction extends to all components of the sentence, not merely those counts reduced to misdemeanors pursuant to the petition. (*People v. Sellner* (2015) 240 Cal.App.4th 699, 701-702 (*Sellner*).)

15

"When a trial court grants Proposition 47 relief on an eligible felony offense, it resentences the defendant to a misdemeanor. (§ 1170.18, subd. (b).) Proposition 47 does not limit the court to rigid sentencing options. (See *Sellner, supra*, 240 Cal.App.4th 699; *People v. Acosta* (2016) 247 Cal.App.4th 1072, 1076-1077 (*Acosta*), overruled on other grounds in *People v. Buycks* (2018) 5 Cal.5th 857, 889.) A trial court may reconsider any component underlying the sentence. (*Acosta,* at pp. 1076-1077; see also *People v. Roach* (2016) 247 Cal.App.4th 178, 186; *People v. Rouse* (2016) 245 Cal.App.4th 292, 300 [' "The purpose of section 1170.18 is to take the defendant back to the time of the original sentence and resentence him with the Proposition 47 count now a misdemeanor." ' (italics omitted)].) For example, a trial court may impose six previously dismissed prior prison term enhancements when resentencing a defendant following Proposition 47 relief on another case. (*Acosta, supra*, at pp. 1076-1077.) A trial court may also revisit and impose a harsher punishment on other non-Proposition 47 misdemeanor counts if a defendant is entitled to Proposition 47 resentencing on another count. (*People v. Cortez* (2016) 3 Cal.App.5th 308, 316-317 (*Cortez*).)" (*People v. Mendoza* (2016) 5 Cal.App.5th 535, 538.)

*Sellner* and *Mendoza* are consistent with the rules governing a trial court's sentencing discretion on remand. "[U]nder principles already elucidated in the case law, the trial judge's original sentencing choices did not constrain him or her from imposing any sentence permitted under the applicable statutes and rules on remand, subject only to the limitation that the aggregate prison term could not be increased." (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1256; accord, *People v. Navarro* (2007) 40 Cal.4th 668, 681.) "When a case is remanded for resentencing [under section 1170, subdivision (d)] by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices. [Citations.] This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent

16

components. The invalidity of one component infects the entire scheme." (*People v. Hill* (1986) 185 Cal.App.3d 831, 834; *Burbine,* at pp. 1257-1258.)

At the time defendant entered his second plea, the trial court stated: "And so that you understand the agreement, you're going to plead to Count 1 [(violation of Health & Saf. Code, § 11377, subd. (a))], admitting the prior strike allegation. This is in [case No.] 14F3212. All other cases that are pending are going to be dismissed, and *together with the other case* [No. 14F1618], there is a stipulation of a 7 year 4 month state prison sentence. . . . [¶] Now, is that your understanding of the agreement?" Defendant responded, "Yes, sir." (Italics added.)

By filing his Proposition 47 petition, defendant requested that his felony conviction for violation of Health and Safety Code section 11377, subdivision (a) be reduced to a misdemeanor and that he be resentenced accordingly. The trial court's grant of his petition resulted in reduction of the felony conviction to a misdemeanor. However, section 1170.18 gave the trial court jurisdiction to resentence defendant--to reconsider all other aspects of his aggregate sentence--so long as the court did not impose a sentence greater than the original sentence. That is to say, while the grant of defendant's Proposition 47 petition entitled him to reduction of his felony offense to a misdemeanor and thus a lesser sentence *as to that charge* (absent a finding of "unreasonable risk of danger to public safety" [§ 1170.18, subd. (b)]), it did not entitle him to a lesser sentence *as to the aggregate sentence* imposed, only to a sentence no greater than that previously imposed.

We conclude the trial court was entitled to exercise its discretion in resentencing defendant to a term not greater than the term of the original aggregate sentence and, in so doing, did not exceed its authority granted by section 1170.18.

## III

### *Unimposed Prison Priors*

As part of the first negotiated plea, defendant admitted three prior prison term enhancements (§ 667.5, subd. (b)) in case No. 14F1618. At the original sentencing, the trial court imposed a one-year term each for two of the prison priors, and stayed a third one-year term for the third prison prior. At Proposition 47 resentencing, the trial court stayed punishment for all three prior prison terms. Defendant contends the prior prison term enhancements should have been stricken, not stayed. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241; *People v. Jordan* (2003) 108 Cal.App.4th 349, 368 (*Jordan*) ["Prior prison term enhancements may be imposed or stricken but not stayed"].) He requests that we direct the trial court to strike the prior prison term enhancements accordingly.

The People agree that once a prior prison term allegation is found true, the trial court must either impose a consecutive one-year sentence pursuant to section 667.5, subdivision (b) or exercise its discretion to strike the enhancement pursuant to section 1385 (*People v. Langston, supra,* 33 Cal.4th at p. 1241; *People v. Campbell* (1999) 76 Cal.App.4th 305, 311, overruled on other grounds in *People v. Farwell* (2018) 5 Cal.5th 295, 304), but argue that if the trial court exercises its discretion to strike the allegation, it must provide a statement of reasons therefor. (§ 1385, subd. (a); *Jordan, supra,* 108 Cal.App.4th at p. 368.) The People urge us to remand the matter to the trial court to determine whether or not to impose one of the prison priors and strike the remaining two, or to exercise its discretion to strike all three of the enhancements and provide a statement of reasons therefor.

Defendant argues no statement of reasons was required because punishment for the prison priors was not imposed as part of the plea agreement and, in any event, the People's argument that the trial court failed to state reasons for its sentencing choice

18

cannot be raised for the first time on appeal absent an objection below. (*People v. Gonzalez* (2003) 31 Cal.4th 745, 751-752.)

The rule that a party in a criminal case may not, in the absence of an objection below, raise claims involving the trial court's failure to state reasons for its sentencing choice "does not apply when the sentence is legally unauthorized." (*People v. Gonzalez, supra,* 31 Cal.4th at p. 751.) Here, as the parties agree, section 667.5, subdivision (b) requires that a trial court "impose a one-year term for each prior separate prison term" once that allegation has been found true. Although defendant admitted the prison priors, the trial court stayed punishment as to those allegations. This resulted in an unauthorized sentence that may be corrected by an appellate court even in the absence of an objection or argument below. (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1413-1415.) The People invite us to remand the matter to the trial court to determine whether or not to impose one of the prison priors and strike the remaining two, or to exercise its discretion to strike all three of the enhancements and provide a statement of reasons therefor. We decline to do so. On this record, we conclude the trial court intended to strike the prior prison term enhancements. However, a statement of reasons in the record is required for such action. (*Jordan, supra,* 108 Cal.App.4th at pp. 368-369; *People v. Orin* (1975) 13 Cal.3d 937, 937-944.) Accordingly, we remand the matter to the trial court with directions to either impose the prior prison term enhancements or strike them and provide a corresponding statement of reasons therefor. (*Jordan,* at pp. 368-369; *Orin,* at pp. 937-944.)

IV

*Custody Credits*

In a supplemental brief, defendant contends the matter must be remanded to correct the trial court's miscalculation of his custody credits to reflect a total of 791 days of credit. He claims the trial court must recalculate actual days and conduct credits for the time he spent in custody prior to sentencing (316 days of actual time plus 316 days of

19

conduct credit for a total of 632 days of presentence custody credit), and must also include the time he spent in prison between the original sentencing and resentencing pursuant to Proposition 47 (159 days).

The People agree the matter must be remanded for recalculation of custody credits, but argue the record is unclear as to the precise number of days defendant spent in custody prior to his original sentencing. Thus, the trial court must first determine the correct arrest and release dates and then recalculate the credits to which defendant is entitled, including credit for the "actual" days he spent in prison after his original sentencing but prior to his Proposition 47 resentencing.

As the People correctly point out, there are a number of instances in the record where the court's minute order reflects either that defendant was present for a particular hearing without referencing that he was also in custody, or that defendant may have been out of custody on OR. We therefore cannot determine from this record the number of actual days defendant spent in custody prior to his original sentencing, nor can we calculate the conduct credits to which he is entitled. We will remand this matter to the trial court for further proceedings to determine the presentence custody credits to which defendant is entitled.

As for credit for time defendant spent in prison between his original sentencing and his Proposition 47 resentencing, both parties rely by analogy on *People v. Buckhalter* (2001) 26 Cal.4th 20 (*Buckhalter*) and *People v. Saibu* (2011) 191 Cal.App.4th 1005 (*Saibu*) for the rule that where, as here, a defendant is resentenced, the sentencing court must calculate the *actual time* the defendant has already served and credit that time against the modified sentence. (*Buckhalter,* at p. 23 [modification of sentence as a result of appellate sentence remand]; *Saibu,* at pp. 1012-1013 [resentencing pursuant to Cal. Rules of Court, rule 4.452].)

In the absence of case law specifically addressing this issue in the context of a Proposition 47 resentencing, we conclude the same principles applied in *Buckhalter* and

*Saibu* apply here. As such, defendant is entitled to credit for all actual time spent in prison from the date of his original sentencing (October 2, 2014) through and including the date of resentencing (March 9, 2015), or 159 days.

## DISPOSITION

Defendant's convictions are affirmed. The matter is remanded to the trial court with directions to (1) either impose the prior prison term enhancements previously stayed by the court or strike them and provide a corresponding statement of reasons therefor, and (2) recalculate defendant's presentence custody credits. In all other respects, the judgment is affirmed.

/s/
BLEASE, J.

We concur:

/s/
RAYE, P. J.

/s/
MAURO, J.

21