Filed 5/27/25  P. v. Trejo CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JOE HERNANDEZ TREJO,<br><br>　　　　Defendant and Appellant. | B336496<br><br>(Los Angeles County<br>Super. Ct. Nos. NA082970,<br>NA082441) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Reversed and remanded.

　　　　Steven A. Brody, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Joe Hernandez Trejo (defendant) appeals the trial court's order declining to fully resentence him on two cases on which he was sentenced at the same time. Because, as the People concede, this was error under Penal Code section 1172.75,[1] we reverse and remand for a full resentencing in both cases.

### FACTS AND PROCEDURAL BACKGROUND

#### I. Charges

##### A. *The robbery case*

Following a string of armed robberies and attempted robberies over a three-week period in June 2009, the People in Case No. NA082441 ("the 441 case") charged defendant, as pertinent here, with five counts of second degree robbery (§ 211), and two counts of attempted second degree robbery (§§ 211, 664). The People further alleged that defendant personally used a firearm (§ 12022.53, subd. (b)), and that a principal in these crimes was armed with a firearm (§ 12022, subd. (a)(1)). The People alleged no enhancement based on prior convictions.

##### B. *The burglary case*

Following a car burglary in August 2009, the People in Case No. NA082970 ("the 970 case") charged defendant with second degree burglary of a vehicle (§ 459). The People further

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

alleged defendant's 2008 conviction for grand theft (§ 487) as a prior prison term (§ 667.5, subd. (b)).

## II.    Disposition

Defendant went to trial in the 441 case, and the jury convicted him of the above-described charges and enhancements. On June 17, 2010, the trial court sentenced defendant to prison for 40 years and four months.

Immediately after defendant was sentenced in the 441 case, the People offered defendant a two-year consecutive prison sentence on the still-open 970 case; the court indicated that it would impose a four-year prison sentence to run concurrently with the prison sentence in the 441 case, if the defendant entered an open plea.  Defendant entered an open plea of no contest, and the court imposed its indicated sentence of four years, comprised of a base sentence of three years plus one year for the prior prison term.

Defendant appealed his conviction in the 441 case, and we affirmed in a partially published opinion.  (*People v. Trejo* (2011) 199 Cal.App.4th 646.)

## III.    Request for Relief Under Section 1172.75

In late 2022, the California Department of Corrections and Rehabilitation (the Department) sent the trial court a letter indicating that defendant may be entitled to resentencing in light of a change in the law eliminating the one-year prison prior enhancement in most cases.  The trial court appointed counsel for defendant.

Defendant filed a motion seeking a full resentencing in the 970 case (in which the one-year prison prior enhancement had been imposed) *and* in the 441 case.  Defendant asked that his total sentence be reduced to 19 years and four months.  The

3

People agreed that defendant was entitled to have the one-year prison prior enhancement stricken, but otherwise opposed resentencing.

At a January 2024 hearing, the trial court struck the one-year prison prior enhancement in the 970 case. However, the court elected (1) not to resentence further in the 970 case because defendant "accepted" the court's four-year indicated sentence, and (2) not to resentence at all in the 441 case because the one-year prison prior enhancement was "not charged or imposed" in that case.

## IV. Appeal

Defendant filed this timely appeal.

### DISCUSSION

Defendant argues that the trial court erred in refusing to conduct a full resentencing in the 970 case and the 441 case. The People agree with defendant. So do we.

Enacted as part of Senate Bill 483, section 1172.75 declares "legally invalid" all one-year sentencing enhancements for serving a prior prison term except when the prior prison term was served for a "sexually violent offense." (§ 1172.75, subd. (a); Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.) Once the Department identifies a defendant as eligible for relief under this provision (§ 1172.75, subd. (b)), that defendant is entitled to a full resentencing at which the court can reconsider all sentencing decisions under the law in effect at the time of resentencing. (§ 1172.75, subd. (d)(1) & (2); see also *People v. Espino* (2024) 104 Cal.App.5th 188, 193, 195, review granted Oct. 23, 2024, S286987; *People v. Green* (2024) 104 Cal.App.5th 365, 373.) Because the trial court did not resentence defendant in the 970 case and the 441 case, it erred.

The trial court justified its refusal to do more than strike the one-year prison prior enhancement in the 970 case on the ground that defendant had entered a plea in that case. However, "[n]othing in section 1172.75 indicates that sentences resulting from a plea agreement are exempt from its provisions." (*People v. Carter* (2023) 97 Cal.App.5th 960, 968; see also *People v. Hernandez* (2024) 103 Cal.App.5th 981, 986 ["the trial court was required to conduct a resentencing under the express provisions of section 1172.75, even in plea bargain cases"].)

The trial court justified its refusal to resentence in the 441 case on the ground that it was a separate case from the 970 case, and hence beyond the scope of section 1172.75's reach. This, too, was error because section 1172.75 looks to whether "the current *judgment* includes" a one-year prison prior enhancement (§ 1172.75, subd. (c), italics added), and sentences imposed "'for multiple convictions, whether in the same proceeding or in different proceedings'" are "'to be viewed as interlocking pieces'" of a single "'aggregate determinate term'" and "'*judgment*.'" (*People v. Sellner* (2015) 240 Cal.App.4th 699, 701, italics added; *In re Bolton* (2019) 40 Cal.App.5th 611, 624 ["A person sentenced for convictions in multiple cases receives a single sentence"]; *People v. Garner* (2016) 244 Cal.App.4th 1113, 1118 [same]; see also § 1170.1, subd. (a) [obligating courts to calculate a determinate sentence involving "convict[ion] of two or more felonies" into an "aggregate term of imprisonment," "whether in the same proceeding or . . . in different proceedings"]; *In re Reeves* (2005) 35 Cal.4th 765, 772-773 [construing section 1170.1]; accord, *Sellner*, at pp. 701-702 [resentencing under Proposition 47 that triggers resentencing duty in one case also triggers duty to resentence in other case that is part of same, "aggregate

sentence"]; *People v. Mendoza* (2016) 5 Cal.App.5th 535, 537-539 [same].)  Thus, the presence of the prison prior enhancement in the 970 case portion of the judgment triggers a right to resentencing in the 441 case portion of that judgment.

### DISPOSITION

The judgment is reversed and remanded.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P.J.

HOFFSTADT


We concur:


_____, J.

BAKER


_____, J.

KIM (D.)